Citation Nr: 1448563 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 07-10 177 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUES

1. Entitlement to a rating in excess of 50 percent for posttraumatic stress disorder (PTSD), prior to November 28, 2005.

2. Entitlement to a rating in excess of 50 percent for PTSD, from February 1, 2006 onward.

3. Entitlement to an increased rating for diabetes mellitus, evaluated as 20 percent disabling prior to March 8, 2012 and 40 percent disabling since. 

4. Whether the reduction of the rating for bilateral hearing loss from 10 percent to noncompensable (0 percent), effective March 1, 2009, was proper.

5. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) prior to March 8, 2012. 




REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

M. Zawadzki, Counsel


INTRODUCTION

The Veteran served on active duty from December 1967 to September 1969. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from January 2006, July 2006, September 2007, and December 2008 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas. 

In September 2009, the Board remanded the issues of entitlement to an increased rating percent for PTSD, prior to November 28, 2005 and from February 1, 2006, entitlement to a rating in excess of 20 percent for diabetes mellitus, whether the reduction of the rating for bilateral hearing loss from 10 percent to noncompensable (0 percent), effective March 1, 2009, was proper, and entitlement to a TDIU. 

In a March 2013 rating decision, the RO granted a 40 percent rating for diabetes mellitus, effective March 8, 2012, and awarded a TDIU, effective March 8, 2012. Despite the grant of the increased rating for diabetes mellitus, however, the Veteran has not been awarded the highest possible evaluation, and his claim remains in appellate status. A.B. v. Brown, 6 Vet. App. 35 (1993). 

Further, while the RO granted a TDIU effective March 8, 2012, the Veteran's TDIU claim has been pending since February 2007 and the Veteran's representative asserted in his August 2014 Informal Hearing Presentation (IHP) that a TDIU was warranted prior to this date. Accordingly, the claim for entitlement to a TDIU prior to March 8, 2012 remains pending on appeal. 

Also in his August 2014 IHP, the Veteran's representative listed the issues on appeal as including entitlement to an increased rating for hearing loss. He observed that the Veteran's hearing loss was presently rated 30 percent, effective March 8, 2012. Despite the Veteran's representative's characterization of the hearing loss issue, this issue has been characterized as reflected on the title page. 

The reduction in the rating for the Veteran's service-connected hearing loss arose from a claim for a TDIU, which the RO construed as a claim for an increase in all of his service-connected disabilities. In the September 2007 rating decision, the RO proposed reducing the rating for hearing loss to 0 percent. The Veteran asserted in July 2008 that he wanted restoration of the 10 percent rating for hearing loss. The RO effectuated the proposed reduction in the December 2008 rating decision and the Veteran perfected an appeal. 

In the April 2009 SOC, the RO apparently mischaracterized the issue on appeal as "Evaluation of hearing loss currently evaluated as 10 percent disabling." The RO determined that the evaluation of hearing loss was decreased to 0 percent, effective March 1, 2009. The RO determined that VA had erred in how the law had been applied in the earlier grant of a 10 percent rating for hearing loss and determined that, based on an August 2007 VA examination, a 0 percent rating was warranted. 

However, in his April 2009 VA Form 9, the Veteran asserted that his hearing disability should be evaluated as 10 percent or more. 

In March 2012, the Veteran filed a claim for a TDIU, which was again construed as a claim for an increased rating in his service-connected disabilities. In a July 2013 rating decision, the RO granted a 30 percent rating for hearing loss, effective March 8, 2012, the date of this claim. In the May 2014 supplemental statement of the case (SSOC), the RO characterized the hearing loss issue as whether the reduction of the rating for bilateral hearing loss from 10 percent to a noncompensable evaluation, effective March 1, 2009, was proper. 


Although the RO noted that the July 2013 rating decision increased the rating for hearing loss to 30 percent based on the evidence from a VA examination, the RO did not address a claim for an increased rating. Rating reduction claims are distinct from increased rating claims. See Peyton v. Derwinski, 1 Vet. App. 282, 286 (1991). Thus, consistent with what the RO has done, the hearing loss issue has been characterized as reflected on the title page; however, the claim for an increased rating for hearing loss is referred to the Agency of Original Jurisdiction (AOJ) for appropriate action. 

In October 1969, the Veteran filed a claim for service connection for back trouble. In a March 1970 rating decision, the RO noted that VA examination in January 1970 showed no orthopedic disease or disability, but did not address the claim for service connection for a back disorder. In his August 2014 IHP, the Veteran's representative specifically asserted that the October 1969 claim for a back problem remained open. 

Also in the August 2014 IHP, the Veteran's representative asserted that the Veteran had a back problem, arthritis in multiple joints, chronic obstructive pulmonary disease (COPD), hypertension, and gastroesophageal reflux disease (GERD), and provided a reference to a VA webpage regarding a link between these claimed conditions and PTSD. He also asserted that diabetes affected the joints (through various diabetic arthropathies) and GERD (through neuropathy). 

The issues of entitlement to service connection for a back disorder, arthritis in multiple joints, and GERD, to include as secondary to PTSD and/or diabetes mellitus, and entitlement to service connection for COPD and hypertension, to include as secondary to PTSD, have been raised by the record, but have not been adjudicated by the AOJ. Therefore, the Board does not have jurisdiction over these matters, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.



REMAND

Remand is required to schedule the Veteran for a requested hearing. 

Further, the AOJ's attention is drawn to the May 2014 SSOC which addressed only the issues of entitlement to an increased rating for PTSD, prior to November 28, 2005 and since February 1, 2006 and whether the reduction of the rating for bilateral hearing loss from 10 percent to a noncompensable evaluation, effective March 1, 2009, was proper. The AOJ failed to readjudicate the issues of entitlement to an increased rating for diabetes mellitus and entitlement to a TDIU. 

Accordingly, the case is REMANDED for the following action:

Ask the whether he wishes to appear at a hearing before a Veterans Law Judge at the RO or via videoconference. Then, schedule the Veteran for his requested hearing. The AOJ should notify the Veteran and his representative of the location, date and time of the hearing, in accordance with 38 C.F.R. § 20.704(b) (2014), and should associate a copy of such notice with the claims file. After the hearing, the claims file should be returned to the Board in accordance with current appellate procedures.

The appellant has the right to submit additional evidence and argument on the matters that the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).


_________________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).