Citation Nr: 1522703 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-28 257A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUE

Entitlement to a higher rate of special monthly compensation (SMC).


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. Schulman, Associate Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, had active service with the US Army from April 1948 until October 1970, serving for more than two decades including service in the Republic of Vietnam.
 
This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2009 decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans which denied entitlement a higher level of SMC. The Veteran appealed the denial, and the matter is now before the Board.
 
The Veteran testified via video conference before the undersigned Veterans Law Judge in June 2014. A transcript of the hearing has been associated with the claims file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran is seeking a higher level of SMC. Unfortunately, for reasons explained in greater detail below, this matter must be remanded for a new VA examination and readjudication.

Special Monthly Compensation

Generally speaking, SMC provides for additional levels of compensation above the basic levels of compensation afforded by the schedular rating criteria in 38 C.F.R. Part 4. These additional levels of compensation are awarded for various types of losses or levels of impairment, due solely to service-connected disabilities, and for specific combinations of such impairments. The different types of SMC available are commonly referred to by their alphabetic designations, such as SMC(k), SMC(l), etc., which correspond to the paragraphs of 38 U.S.C.A. § 1114 which provides the statutory authority for SMC. These same paragraphs are codified in VA regulation predominantly at 38 C.F.R. § 3.350(a) - (i).

The Veteran is currently service-connected for diabetes mellitus type II and several related disabilities including coronary artery disease, amputation of the right leg, peripheral neuropathy of the upper extremities and left lower extremity, and painful neuroma associated with his right leg amputation. In addition to the schedular ratings assigned for his disabilities, he has also been awarded SMC under sections (k), (s), (l) and (p). See 38 U.S.C.A. § 1114(k), (s), (l), (p) (West 2014); 38 C.F.R. § 3.350(a), (i), (b), (f) (2014). While all veterans are presumed to be seeking the maximum benefit possible, AB v. Brown, 6 Vet. App. 35, 38 (1993), the Veteran has specifically indicated that he is seeking entitlement to a SMC compensation under the rate specified in 38 U.S.C.A. § 1114(r).

To be clear, the Veteran's award of SMC(l) contemplates the need for aid and attendance (A&A). Still higher levels of compensation for A&A are authorized under SMC(r), which is commonly called "special A&A." SMC(r) is divided between (r)(1) and (r)(2), and each contain separate criteria. For the award of SMC(r)(1), a veteran must be in need of regular aid and attendance, as defined under 38 C.F.R. §3.352, and be entitled to one of the following: SMC(o); the maximum rate under SMC(p); or, both SMC(n 1/2) and SMC(k). 38 C.F.R. § 3.350(h). SMC(r)(2) is subject to the same criteria, plus there must be evidence that the Veteran is in need of a "higher level of care."

VA regulations specify that a "higher level of care" means the need for personal health-care services provided on a daily basis in a veteran's home by a person who is licensed to provide such services or who provides such services under the regular supervision of a licensed health-care professional. Personal health-care services include (but are not limited to) such services as physical therapy, administration of injections, placement of indwelling catheters, and the changing of sterile dressings, or like functions which require professional health-care training or the regular supervision of a trained health-care professional to perform. A licensed health-care professional includes (but is not limited to) a doctor of medicine or osteopathy, a registered nurse, a licensed practical nurse, or a physical therapist licensed to practice by a state or political subdivision. See 38 C.F.R. § 3.352(b)(2) (2104).

The term "under the regular supervision of a licensed health-care professional," means that an unlicensed person performing personal health-care services is following a regimen of personal health-care services prescribed by a health-care professional, and that the health-care professional consults with the unlicensed person providing the health-care services at least once each month to monitor the prescribed regimen. The consultation need not be in person; a telephone call will suffice. A person performing personal health-care services who is a relative or other member of the veteran's household is not exempted from the requirement that he or she be a licensed health-care professional or be providing such care under the regular supervision of a licensed health-care professional. The performance of the necessary aid and attendance service by a relative of the beneficiary or other member of his or her household will not prevent the granting of the additional allowance. 38 C.F.R. § 3.352(b)(2-4), (c).

On review of the entire record, the Veteran does not currently meet the threshold requirements for assignment of SMC(r)(1) or (r)(2) because the criteria for entitlement to SMC(o), the maximum rate under SMC(p), or SMC(n 1/2) with SMC(k) have not been met at any time during the period on appeal.

SMC(o)

Under 38 C.F.R. § 3.350(e) payment at the SMC(o) rate may be awarded for various combinations of losses, including where a veteran is entitled to two or more awards of SMC(l), SMC(m), or SMC(n), where separate SMC awards are based on totally separate disabilities. 38 C.F.R. § 3.350(e)(1)(ii). The separate disabilities requirement means that, for example, where a veteran who had suffered the loss, or loss of use, of two extremities is being considered for the maximum rate on account of helplessness requiring regular aid and attendance, the latter must be based on need resulting from pathology other than that of the extremities. 38 C.F.R. § 3.350(e)(3). However, if two separate and distinct entitling disabilities, such as anatomical loss, or loss of use, of both hands and both feet, result from a common etiological agent, for example, one injury or rheumatoid arthritis, this will not preclude maximum entitlement. Id.

The Veteran has been awarded SMC(l) in recognition of the need for regular A&A due to the loss of his left foot. Thus, entitlement to SMC(o) may be met, but only if entitlement to either SMC(m) or SMC(n) can be established and only if such establishment is based on a disability other than his right leg amputation with resulting loss of the right foot. 

Unfortunately, the evidence shows that the criteria for entitlement to SMC(m) or SMC(n) are not currently met. SMC(m) is awarded based on certain combinations of disabilities or levels of impairment, including anatomical loss or loss of use of: both hands; both legs above the knee; one leg above the knee and one arm above the elbow; or particular circumstances of blindness.

During his hearing before the undersigned, the Veteran reported that he was unable to hold up his right arm, and could only "barely . . . grasp anything with it now." He then added that his "left arm is the same way, [he] just can't grasp anything ." Loss of use of a hand, for the purpose of SMC, exists where no effective function remains other than that which would be equally well served by an amputation stump at the site of election below elbow or with use of a suitable prosthetic appliance. The determination will be made on the basis of the actual remaining function of the hand, whether the acts of grasping, manipulation, etc., could be accomplished equally well by an amputation stump with prosthesis. 38 C.F.R. § 4.63.

In March 2015, the Veteran underwent a Diabetic Sensory-Motor Peripheral Neuropathy VA examination, which included evaluation of his upper extremities. The examination reflected severe incomplete paralysis in the radial and median nerves of both arms, and decreased or absent sensation in the upper extremities. The question remains, however, whether the Veteran's upper extremity symptoms amount to a loss of use of one or both hands. Regrettably, in order to answer this question, the Board finds that a new VA examination is necessary, as discussed below.

With regard to SMC(n), the criteria for entitlement to such a benefit have not been met. SMC(n) is awarded for, among other things, anatomical loss or loss of use of both arms above the elbow, anatomical loss or loss of use of both legs at the hip level, anatomical loss of one leg and one arm. The evidence reflects that the Veteran's upper extremities - while limited - are not so limited that he has loss use of both arms above the elbow. Rather, the evidence shows that his primary loss associated with the upper extremities relates to his hands. Additionally, criteria regarding loss of one or more lower extremities is not for application as the Veteran is already receiving SMC(l) on the basis of the loss of his foot, and thus entitlement to SMC(n) based on loss of the right lower extremity would not entitle the Veteran to SMC(o) if SMC(n) were awarded.

SMC(p)

Having determined that - short of a finding of loss of use of both upper extremities, and hence the award of SMC(m) - SMC(o) cannot be awarded, the Board next turns to the matter of whether the maximum rate under SMC(p) is warranted, but finds that it is not. The Veteran is currently awarded SMC(p) under 38 C.F.R. § 3.350(f) which provides that additional single permanent disability or combinations of permanent disabilities independently ratable at 50 percent or more, will afford entitlement to the next higher intermediate rate or if already entitled to an intermediate rate to the next higher statutory rate under 38 U.S.C. 1114, but not above the (o) rate. The disability or disabilities independently ratable at 50 percent or more must be separate and distinct and involve different anatomical segments or bodily systems from the conditions establishing entitlement under 38 U.S.C. §§ 1114 (l) through (n)

While the maximum rate afforded under SMC(p) is SMC(n 1/2) with SMC(k), the Veteran's current entitlement is under SMC(p) amounts only to SMC(l 1/2) with SMC(k). The Veteran does have more than one 50 percent schedular rating in addition to his total (i.e., 100 percent) rating for coronary artery disease, these additional 50 percent ratings all relate to his service-connected diabetes, and thus are not "separate" for the purposes of affording a higher rate of SMC(p). Accordingly, the Veteran is not entitled to the highest rate payable under SMC(p).

SMC(n 1/2) with SMC(k)

Finally the Board notes that because (as described in detail above) SMC(n) is not warranted, it necessarily follows that SMC(n 1/2) with SMC(k) is also not warranted.
 
New VA Examination 

The Board reiterates that SMC(m) may be granted on the basis of loss of use of both hands, and that such entitlement could trigger the establishment of SMC(o) for the Veteran, which itself would go towards meeting the criteria for an award of SMC(r)(1) or (r)(2). As described previously in greater detail, the evidence suggests that the Veteran's service-connected upper extremity disabilities may amount to a loss of use of the hands. The Board finds, however, that further VA examination is called for in order to address the question. 

Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding VA outpatient treatment records since June 2014 and associate them with the Veteran's claims folder.

2. Schedule the Veteran for a VA examination of his service-connected upper extremity disorders. 

The examiner must address whether one or more of the Veteran's service-connected disabilities - specifically to include peripheral neuropathy - result in:

 a. Functional loss of use of one or both hands
 
b. Functional loss of use of both arms above the elbow

In answering these questions, the examiner should state whether no effective function remains other than that which would be equally well served by an amputation stump at the site of election below elbow or with use of a suitable prosthetic appliance. 

This determination should be made on the basis of the actual remaining function of the hand, and whether the acts of grasping, manipulation, etc., could be accomplished equally well by an amputation stump with prosthesis.

3. After completing all indicated development, readjudicate the claim for entitlement to higher a rate of SMC in light of all the evidence of record. If any benefit sought on appeal remains denied, a supplemental statement of the case should be furnished to the Veteran, and he should be afforded a reasonable opportunity to respond.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).




_________________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).