Citation Nr: 1527845 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 09-49 945 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to an increased evaluation in excess of 30 percent for posttraumatic stress disorder (PTSD) prior to August 5, 2014. 

2. Entitlement to an increased evaluation in excess of 10 percent for headaches prior to August 5, 2014, and 50 percent thereafter. 

3. Entitlement to an increased evaluation in excess of 10 percent for bilateral pes planus prior to August 5, 2014, and 50 percent thereafter. 

4. Entitlement to an increased evaluation in excess of 10 percent for a right shoulder disability prior to August 5, 2014, and 20 percent thereafter. 

5. Entitlement to an increased evaluation in excess of 10 percent for a left shoulder disability prior to August 5, 2014, and 20 percent thereafter. 

6. Entitlement to a total disability rating based on individual employability due to a service-connected disability (TDIU).

REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


ATTORNEY FOR THE BOARD

M. Sopko, Associate Counsel


INTRODUCTION

The Veteran had active service in the Navy from February 1987 to June 1989, and in the Army from October 1996 to October 2000 and from December 2003 to April 2005. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

In a December 2014 rating decision, the RO increased all of the Veteran's disability ratings as described on the title page. These increases did not constitute a full grant of the benefits sought. Therefore, the Veteran's claims for increased evaluations for the service-connected disabilities remain on appeal. See AB v. Brown, 6 Vet. App. 35, 39 (1993).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.






REMAND

The Veteran's Veterans Benefits Management System (VBMS) file contains treatment records from VA facilities in Georgia and Arkansas. A review of these files suggests VA treated the Veteran in Arkansas from 2005 - 2007 and from 2010 to present, and in Georgia in the interim. However, while there are records from the Dublin, Georgia VA medical center, dated from April 2007 to October 2007, and from June 2008 to December 2008, there are no records dated between October 2007 and June 2008, or for the year 2009. The records from the Georgia facility for this time window therefore appear to be incomplete. As the Veteran disagrees with the ratings VA assigned in 2014 that date from July 2007 - his date of claim - these records are critical to assessing his argument and any outstanding records must be obtained on remand before the Board can decide his appeal. 

Accordingly, the case is REMANDED for the following action:

1. Ascertain if the Veteran has received any VA, non-VA, or other medical treatment, pertinent to the claim on appeal, that is not evidenced by the current record - to specifically include, but not limited to, any VA outpatient records. The Veteran must be provided with the necessary authorizations for the release of any private treatment records not currently on file. The RO/AMC must then obtain these records, and any other pertinent records, and associate them with the claims folder. If VA is unsuccessful in obtaining any medical records identified by the Veteran, it must inform him and provide him an opportunity to submit copies of the outstanding medical records. 

In particular, arrange to obtain, all VA treatment records from the Dublin VAMC, dated from April 2007 to January 2010. Although VBMS reflects two periods of treatment at this facility, please upload a single document for this date range into VMBS for convenience of evaluating the claims. 

2. Then, after determining if any other development is necessary, readjudicate the Veteran's claims on appeal. If the action remains adverse to the Veteran, provide the Veteran and his representative with a supplemental statement of the case, allow an appropriate opportunity to respond, and the cases should thereafter be returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Michael J. Skaltsounis
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).