http://www.va.gov/vetapp16/Files4/1634337.txt

Citation Nr: 1634337 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 12-29 675 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona

THE ISSUES

1. Entitlement to an increased disability rating in excess of 50 percent for posttraumatic stress disorder (PTSD) from July 27, 2010. 

2. Entitlement to an increased disability rating in excess of 10 percent for gastroesophageal reflux disease (GERD) from July 27, 2010.

REPRESENTATION

Appellant represented by: Texas Veterans Commission

ATTORNEY FOR THE BOARD

R. Williams, Counsel

INTRODUCTION

The Veteran served on active duty from February 1996 to February 2006. 

These matters come before the Board of Veterans' Appeals (Board) from an October 2010 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona. 

During the pendency of the appeal, a September 2012 RO decision granted an increased disability rating of 50 percent for posttraumatic stress disorder (PTSD), effective July 27, 2010, the date of the Veteran's increased rating claim on appeal. However, as this grant does not represent a total grant of benefits sought on appeal, the claim for an increased disability rating for PTSD remains before the Board. See AB v. Brown, 6 Vet. App. 35, 38 (1993).

In November 2015, the Board remanded the claims to the Appeals Management Center (AMC), for additional development and consideration. This development was accomplished. In March 2016, the AMC issued a supplemental statement of the case (SSOC) continuing to deny the claims and returned the file to the Board for further appellate review. 

In June 2016, the Veteran additionally claimed entitlement to service connection for cirrhosis of the liver, diverticulitis, sleep apnea, renal disease, and fatty liver. These issues have therefore been raised by the record. The RO appears to have addressed these issues as indicated by VA examinations completed, but a rating decision addressing these issues has not been prepared. Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9 (b) (2015).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

PTSD

Regarding his claim for a rating higher than 50 percent for PTSD, the Board notes that the VA treatment records obtained pursuant to the Board's November 2015 remand reflect that the Veteran's PTSD symptoms may have worsened since his last August 2011 VA examination. Specifically, according to a September 2012 VA treatment report, the Veteran's medication was increased. According to a July 2013 VA treatment record, the Veteran complained of having more nightmares and shorter sleep duration. In April 2014, the Veteran complained of mental sluggishness which interfered with his performance in school. Most recently, in November 2015, the Veteran reported to the psychiatry emergency department where he was diagnosed with adjustment disorder and prescribed additional medication for sleep. The Veteran was also referred to the Mental Health clinic at that time. Any additional Mental Health clinic records should be obtained and associated with the record. As it appears that the Veteran's PTSD continues to worsen, remand is necessary to afford the Veteran another VA examination. This additional examination is further required because the Veteran's last VA compensation examination for this disability was in August 2011, approximately five years ago. See Caffrey v. Brown, 6 Vet. App. 377, 381 (1994) (wherein the Court determined the Board should have ordered a contemporaneous examination of the Veteran because a 23-month old examination was too remote in time to adequately support the decision in an appeal for an increased rating); see also Allday v. Brown, 7 Vet. App. 517, 526 (1995).

GERD

The Veteran's service connected GERD has been assigned a 10 percent initial disability rating, under 38 C.F.R. § 4.114, DC 7399-7346 (2015). DC 7399 represents an unlisted disability rated by analogy to DC 7346 for a hiatal hernia. 38 C.F.R. § 4.27 (2015). Under DC 7346 for hiatal hernia, a higher 30 percent rating is contemplated for persistently recurrent epigastric distress with dysphagia (difficulty swallowing), pyrosis (heartburn), and regurgitation, accompanied by substernal or arm or shoulder pain, causing considerable impairment of health. The maximum 60 percent rating is warranted for symptoms of pain, vomiting, material weight loss and hematemesis or melena with moderate anemia; or other symptom combinations productive of severe impairment of health. 38 C.F.R. § 4.114, DC 7346.

In May 2016, the Veteran submitted an Esophageal Conditions Disability Benefits Questionnaire (DBQ) indicating that a more recent esophagogastroduodenoscopy (EGD) was done which shows duodenal ulcers. While the examiner discussed the symptoms relating to the Veteran's esophageal conditions, there was no additional discussion regarding the manifestations and symptoms of the newly diagnosed duodenal ulcers. A review of DCs 7305 and 7346 reveals an overlap of symptomatology, to include pain, vomiting, weight loss, hematemesis or melena with anemia. In light of the additional diagnosis, the Board finds that another medical examination is necessary to assess the severity of his GERD, especially to provide medical findings on any manifestations and symptoms applicable to DC 7305. 

In addition, an April 2016 EGD and May 2016 GI FibroScan referenced in the May 2016 DBQ are not of record. On remand, any additional VA and identified private treatment records, to include the April 2016 EGD and May 2016 GI FibroScan reports, should be obtained and associated with the record prior to the VA examination. 

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the claims file any of the Veteran's outstanding VA treatment records. Any negative responses must be documented in the claims file and the Veteran should be notified and allowed an opportunity to provide such records.

2. Request the Veteran to identify any providers who have treated him for the disabilities on appeal, and to complete an Authorization and Consent to Release Information to VA form (VA Form 21- 4142) for each non-VA provider. After obtaining the necessary authorizations, request copies of any outstanding records from any non-VA provider identified. All requests for the above-described records and all responses, including negative responses, must be documented in the claims file. All records received should be associated with the claims file. If any records cannot be obtained after reasonable efforts have been expended, the Veteran should be notified and allowed an opportunity to provide such records.

3. Then, schedule the Veteran for a VA compensation examination to determine the nature and severity of his PTSD. All necessary testing and evaluation should be performed. The entire record must be made available to and reviewed by the examiner for the pertinent history of this disability. Functional impairment and interference with employability should be addressed. All opinions expressed must be supported by clear rationale, if necessary with citation to relevant medical findings or other evidence in the file. 

4. Schedule another VA compensation examination to reassess the severity of the Veteran's GERD disability. All necessary testing and evaluation should be performed. The entire record must be made available to and reviewed by the examiner for the pertinent history of this disability. The examiner must identify the nature of the Veteran's gastrointestinal disability and provide specific findings addressing the rating criteria listed under 38 C.F.R. § 4.114 (digestive system) (2015), for DC 7305 (duodenal ulcer) and DC 7346 (hiatal hernia). 

The examiner should also measure and record the frequency and severity of any symptomatology associated with his disability, including (but, not limited to) pain, vomiting, weight loss, hematemesis, melena and anemia. 

All opinions expressed must be supported by clear rationale, if necessary with citation to relevant medical findings or other evidence in the file. 

5. Thereafter, readjudicate the Veteran's claims on appeal. If any benefit sought on appeal remains denied, issue a Supplemental Statement of the Case (SSOC) to the Veteran and his representative and allow a reasonable time for response before returning these matters to the Board for further adjudication, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).