AB, Appellant,

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–211.

United States Court of Veterans Appeals.

Oct. 6, 1993.

As Amended Nov. 19, 1993.

Keith D. Snyder, Washington, DC, was on the pleadings, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Judges.

STEINBERG, Judge:

The veteran appellant appeals a June 10, 1991, Board of Veterans' Appeals (BVA or Board) decision denying an increased rating for his service-connected post-traumatic stress disorder (PTSD), currently rated as 30% disabling. The Secretary has filed a motion to dismiss the appeal on the ground that the Court lacks jurisdiction over it under section 402 of the Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (VJRA) (found at 38 U.S.C.A. § 7251 note (West 1991)) [hereinafter "VJRA § 402"], which limits this Court's jurisdiction to those cases in which a Notice of Disagreement (NOD) was filed on or after November 18, 1988. The Court stayed all proceedings in this case pending the decision of the en banc Court in *Hamilton v. Brown,* 4 Vet.App. 528 (1993), which has resolved jurisdictional issues pertinent to the present appeal. Following the issuance of the Court's opinion in *Hamilton,* the Court directed the parties in the instant case to file supplemental memoranda, in light of *Hamilton,* addressing the Court's jurisdiction over this appeal. The Court received those memoranda on August 13, 1993.

On September 28, 1992, the Court stamp-granted the appellant's motion to supplement the record on appeal out of time. Attached to the appellant's motion were copies of the three documents he sought to be added to the record. The Secretary has not transmitted a supplemental record containing certified copies of those documents. However, because the copies attached to the appellant's motion are copies of official Department of Veterans Affairs (formerly Veterans' Administration) (VA) documents and no question has been raised as to their authenticity, the Court will consider those copies as part of the record on appeal. Upon consideration of the record and the pleadings of the parties, the Court now will grant the Secretary's motion and dismiss the appeal.

## I. Background

In August 1987, the BVA awarded the veteran service connection for PTSD. R. at 1–7. In a September 1, 1987, decision, a VA regional office (RO) awarded the veteran a temporary 100% disability rating for PTSD for periods of hospitalization for that condition in 1984 and 1985, *see* 38 C.F.R. § 4.29 (1992), and assigned a 10% disability rating effective January 1, 1985, except for those periods. R. at 8–9. In February 1988, the veteran filed with the VARO an NOD, stating: "I disagree with the Veterans['] Administration's 10% rating for service-connected disability which began December[ ] 1987." R. at 16. In April 1988, the RO issued a Statement of the Case (SOC) (R. at 21), and in May 1988 the veteran filed with the RO a VA Form 1–9 (Appeal to the BVA), on which he requested "a greater evaluation than granted" and also requested a personal hearing at the RO. R. at 27.

In June 1988, the veteran testified under oath at a hearing before the RO. R. at 28–53. The transcript of that hearing contains, inter alia, the following exchange between the veteran and his representative:

> [Representative]: They talked about the [SOC] given you became about [sic] with different ratings and they talk about an evaluation of 30% is assigned when there is a definite impairment in the ability to establish or maintain effective wholesome relationships with people where the nervous symptoms result [in] such a reduction in initial flexibility[,] efficiency[, and] reliability levels so [as] to produce considerable industrial adaptability [sic]. Does that describe you, that is, . . . are you adaptable to things, can you adjust, do you not get along with people? Do you avoid them? We discussed this a moment ago, but I just. . . . [sic].
>
> [Veteran]: Sometimes I feel like I am frightened of people.
>
> [Representative]: I just picked out this 30% here to get an idea of where we are here. You can't maintain relationships with people, is that right? They don't even get started, do they?
>
> [Veteran]: I assume that I [am] what you might call normal but I can't maintain where I [am] at. I have different moods that I can't tell about until they are on me or I can see them after I have [gone] out of them. I can look back on them.

R. at 37.

In a September 1988 decision, the RO increased the veteran's PTSD rating to 30%, and stated in that decision: "THIS DECISION REPRESENTS A TOTAL GRANT OF BENEFITS SOUGHT ON APPEAL." R. at 60–61. In an October 1988 letter to the veteran informing him of the award, the RO stated: "All benefits claimed have been allowed without consideration by the [BVA]. Because of this no further action will be taken on your appeal[,] which is considered withdrawn, unless we hear from you to the contrary before December 16, 1988." R. at 63. On December 9, 1988, the veteran submitted to the RO a letter stating: "I disagree with your rating for my service[-]connect[ed] disability for my condition. I desire to continue with my ap-

peal to the [BVA]." R. at 64. In February 1989, the RO issued an SOC stating that the veteran had filed an NOD on December 14, 1988. R. at 67. In an October 4, 1989, decision, the BVA denied the claim for a PTSD rating higher than 30%. R. at 71.

The veteran appealed that BVA decision to this Court. In a February 7, 1991, order, the Court granted the appellant's motion to seal the record and recaption the case using an encoded identifier. *See* U.S.Vet.App.R. 48. In an April 15, 1991, order, the Court granted the parties' joint motion to remand the case to the BVA for readjudication. The Court retained jurisdiction. In the June 10, 1991, decision on remand, the BVA again denied an increased rating, and the appellant now presses his appeal.

## II. Analysis

Although the question of this Court's jurisdiction was not raised during the earlier proceedings here resulting in the April 15, 1991, remand to the BVA, "[a] jurisdictional matter can be raised at any stage of a judicial proceeding by any party or by the court on its own motion" *Phillips v. General Servs. Admin.*, 924 F.2d 1577, 1579 (Fed.Cir.1991); *see Fugere v. Derwinski*, 972 F.2d 331, 334 n. 5 (Fed.Cir.1992); *Cates v. Brown*, 5 Vet.App. 399, 400 (1993); *Hamilton*, 4 Vet.App. at 541; *see also Travelstead v. Derwinski*, 978 F.2d 1244, 1247 (Fed.Cir.1992) (Court sua sponte raised question of its jurisdiction and held that it did have jurisdiction).

█  In order for this Court to have jurisdiction over a claim on appeal from an adverse BVA decision, a claimant or his or her representative must have filed with a VARO a valid NOD with respect to that claim on or after November 18, 1988. VJRA § 402; *see Hamilton*, 4 Vet.App. at 531. An NOD is "[a] written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the [RO] and a desire to contest the result". 38 C.F.R. § 20.-201 (1992). To be valid, an NOD must have been filed with the RO by the claimant or representative within "one year from the date of mailing of notice of the result of

initial review and determination" made by the RO. 38 U.S.C.A. § 7105(b)(1) (West 1991).

■ In *Hamilton,* the Court overruled *Whitt v. Derwinski,* 1 Vet.App. 40 (1990), *mot. for review en banc denied,* 1 Vet.App. 94 (1990), *rev'd,* 979 F.2d 215 (Fed.Cir.1992), which had held that "there can be more than one NOD filed under certain circumstances with respect to the same claim." *Whitt,* 1 Vet.App. at 42. In *Hamilton,* the Court held:

> [N]o subsequent NOD may be found as to a claim with respect to the denial of which the NOD has been filed unless (a) the NOD has been withdrawn; or (b) the appeal has been closed by the RO due to the claimant's failure to file a timely 1–9 Appeal after issuance of the [Statement of the Case (SOC)] (that is, the RO decision becomes final); or (c) the full benefits sought on appeal have been granted by the RO; or (d) a final appellate decision has been issued by the Board.

*Hamilton,* 4 Vet.App. at 537. Therefore, the Court held, once a claim is in "appellate status" by virtue of a previously filed NOD, the claimant may not file an additional NOD which could confer jurisdiction on this Court as to that claim. *Id.* at 541.

In the instant case, the veteran on February 19, 1988, filed an NOD as to the RO's denial of an increase of his then 10% rating for PTSD. R. at 16. That pre–VJRA NOD cannot confer jurisdiction upon this Court. The question which must be decided for purposes of determining the Court's jurisdiction over the instant appeal is whether the veteran's appeal initiated by that NOD was fully satisfied by the RO's September 1988 award of a 30% rating for PTSD, so that subsequent proceedings may be said to have pertained to a separate claim as to which a new valid NOD could have been filed. For the reasons stated below, the Court holds that the veteran's appeal was not completed by the RO's award of a 30% rating.

■ In adjudicating claims for benefits, ROs are required to base their decisions upon all evidence of record, *see* 38 C.F.R. §§ 3.102, 3.303(a) (1987); 38 C.F.R. §§ 3.102, 3.303(a) (1992), and to "render a decision which grants every benefit that can be supported in law while protecting the interests of the Government", 38 C.F.R. § 3.103(a) (1987); 38 C.F.R. § 3.103(a) (1992). In adjudicating a claim for an increased rating for a service-connected disability (or, as in the instant case, a claim for an initial disability rating pursuant to a BVA award of service connection), the RO will be required to consider and discuss the severity of the veteran's disability with reference to at least the next-higher disability rating provided for in VA regulations with respect to that disability. *See Shoemaker v. Derwinski,* 3 Vet.App. 248, 253 (1992) (where, on veteran's claim for increase in 30% rating, BVA had awarded a 50% rating, remand was required for Board to consider and discuss entitlement to 70% and 100% ratings provided in VA rating schedule). Thus, on a claim for an original or an increased rating, the claimant will generally be presumed to be seeking the maximum benefit allowed by law and regulation, and it follows that such a claim remains in controversy where less than the maximum available benefit is awarded. *Cf. Swan v. Derwinski,* 1 Vet.App. 20, 22–23 (1990) (Court adheres to "case or controversy" limitation as to standing to appeal). Where a claimant has filed an NOD as to an RO decision assigning a particular rating, a subsequent RO decision awarding a higher rating, but less than the maximum available benefit, thus does not, under the principles set forth in *Hamilton,* abrogate the pending appeal, and, hence, no new jurisdiction-conferring NOD may be filed as to that subsequent decision. *See Hudson v. Principi,* 3 Vet.App. 467, 468 (1992) (where veteran filed NOD as to RO decision assigning 30% rating, a statement of disagreement with a subsequent RO decision awarding a 50% rating was not an NOD that would give the Court jurisdiction).

■ In the instant case, the veteran's February 1988 NOD placed on appeal the issue of his entitlement to a rating higher than 10% for his service-connected PTSD. Pursuant to that appeal, the BVA was required to consider his entitlement with respect to all available disability ratings for PTSD. *See* 38

C.F.R. § 3.103(a); *Shoemaker, supra.* VA's schedule for rating disabilities provides for 0%, 10%, 30%, 50%, 70%, and 100% ratings for PTSD. 38 C.F.R. § 4.132, Diagnostic Code 9411 (1992). Therefore, the September 1988 RO decision awarding an increase from 10% to 30% in the veteran's PTSD rating did not fully resolve the administrative claim on appeal to the Board. Rather, the appeal initiated by the February 1988 NOD remained pending for disposition by the BVA as to the unresolved question of entitlement to a rating higher than 30%.

The appellant points to the discussion of the 30% PTSD rating criteria at his June 1988 RO hearing as indicating that the appeal pursuant to his February 1988 NOD was limited to the specific issue of his entitlement to a 30% rating, and that, therefore, the September 1988 RO decision awarding a 30% rating was a full grant of the benefits sought. Additionally, the appellant has submitted an August 13, 1993, affidavit stating that, at the time of the June 1988 hearing, the veteran and his representative had "agreed to go for" a 30% rating. However, regardless of the veteran's understanding or intent at the time of the June 1988 hearing, the discussion of the 30% rating criteria at the RO hearing cannot reasonably be construed, under all the circumstances in this case, to express a clear intent to so limit the issue on appeal.

In his February 1988 NOD and his May 1988 1-9 Appeal, the veteran expressed general disagreement with the assignment of a 10% rating and requested a "greater evaluation than granted". R. at 16, 27. Therefore, the RO and BVA were required to construe the appeal as an appeal for the maximum benefit allowed by law and regulation and thus to consider all potentially applicable PTSD disability ratings. At a minimum, the Board had an obligation to consider and discuss in its decision the applicability of the next-higher rating, 50%. *See Shoemaker, supra.* The fact that the veteran's representative expressly discussed the criteria for only a 30% rating does not operate to limit the appeal to that specific question. Neither the veteran nor his representative ever stated that the veteran sought no more than a 30% rating. Rather, the representative merely

cited the criteria for a 30% rating, and stated that he "just picked out this 30% here to get an idea of where we are here". R. at 37. Nothing in that discussion evinces an intent to limit the issue on appeal to entitlement to only a 30% rating.

■ The Court does not here hold that a claimant may never limit a claim or appeal to the issue of entitlement to a particular disability rating which is less than the maximum disability rating allowed by law. *Cf. Hamilton,* 4 Vet.App. at 544 ("where ... the claimant expressly indicates an intent that adjudication of certain specific claims not proceed at a certain point in time, neither the RO nor BVA has authority to adjudicate those specific claims, absent a subsequent request or authorization from the claimant or his or her representative"). However, where, as here, there is no clearly expressed intent to limit the appeal to entitlement to a specific disability rating for the service-connected condition, the RO and BVA are required to consider entitlement to all available ratings for that condition.

In the instant case, the RO erroneously stated in its September 1988 decision that its award of a 30% rating "REPRESENTS A TOTAL GRANT OF BENEFITS SOUGHT ON APPEAL". There was no reasonable basis for the RO to conclude that the 30% rating was an award of all benefits sought, and there was no basis in law or regulation upon which the RO could have abrogated the pending appeal to the BVA if the veteran had failed to notify the RO of his intent to continue the appeal. *See, e.g.,* 38 C.F.R. §§ 20.204(c) (1992) (only claimant or authorized representative may withdraw NOD); 20.202 (claimant will not be presumed to be in agreement with any statement of fact contained in an SOC which is not specifically contested); 20.302(c) (where appeal has been perfected, "the response to a Supplemental [SOC] is optional and is not required") (1992). The RO's mischaracterization of the issue does not change the essential jurisdictional facts set forth above and, therefore, does not provide a basis for this Court to exercise jurisdiction over the appeal.

■ This Court's jurisdiction derives exclusively from statutory grants of authority

provided by Congress and the Court "may not in any case, even in the interest of justice, extend its jurisdiction where none exists." *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *see also Butler v. Derwinski,* 960 F.2d 139, 140–41 (Fed.Cir.1992); *Prenzler v. Derwinski,* 928 F.2d 392 (Fed.Cir.1991); *Hamilton,* 4 Vet. App. at 539; *Skinner v. Derwinski,* 1 Vet. App. 2, 3 (1990). Because the claim appealed by the veteran's February 1988 NOD was not satisfied by the September 1988 award of a 30% rating and because that NOD was not withdrawn by the veteran or his representative, the veteran could not have filed an additional jurisdiction-conferring NOD on or after November 18, 1988, so as to give this Court jurisdiction over the appeal. *See Hamilton,* 4 Vet.App. at 538.

The appellant's argument in support of the Court's jurisdiction over his appeal is internally inconsistent. If, as the veteran asserts, the September 1988 RO decision awarding a 30% rating was a grant of all benefits sought, then there would have been nothing with which the veteran could have expressed disagreement. NODs are filed in response to "initial review and determination" of a claim by the RO. 38 U.S.C.A. § 7105(b)(1) (West 1991). However, if there had been, as the appellant now contends, no claim by the veteran to the RO for a rating above 30%, the September 1988 RO decision could not have been an "initial review or determination" of any such claim so as to support an NOD as to such claim. Rather, the veteran's December 1988 written disagreement with the September 1988 RO decision would have constituted a new claim for an increased rating. *See* 38 U.S.C.A. §§ 5101(a), 5103(a) (West 1991); 38 C.F.R. §§ 3.150(a), 3.155 (1992).

### III. Conclusion

Upon consideration of the foregoing, the appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.