Citation Nr: 1334653 
Decision Date: 10/30/13 Archive Date: 11/06/13

DOCKET NO. 08-34 312 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to an initial evaluation in excess of 30 percent for posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

Shauna M. Watkins, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the United States Marine Corps from September 1967 to May 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2007 rating decision of the U.S. Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. In that rating decision, the RO granted entitlement to service connection for PTSD and assigned a 10 percent evaluation, effective from June 27, 2007. The Veteran appealed the assigned evaluation. 

By the way of a June 2010 rating decision, the RO increased the assigned evaluation from 10 to 30 percent, effective from June 27, 2007. Since the rating remains less than the maximum available schedular benefit awardable, the increased rating claim remains in controversy. See AB v. Brown, 6 Vet. App. 35, 38 (1993). 

In April 2011, the Veteran testified before the undersigned during a Board videoconference. During the hearing, the undersigned identified the issue on appeal, and noted what pertinent evidence was outstanding and what evidence might assist in substantiating the claim. Additionally, the Veteran through his testimony, with the assistance of his representative, demonstrated actual knowledge of the elements necessary to substantiate his claim. See Bryant v. Shinseki, 23 Vet. App. 488 (2010). A copy of the hearing transcript has been associated with the claims file.

In an August 2011 decision, the Board increased the disability rating for the service-connected PTSD to 50 percent, retroactively effective from June 27, 2007. The Board then denied the Veteran's claim of entitlement to a higher initial disability rating for PTSD in excess of 50 percent. The Veteran appealed the denial to the United States Court of Appeals for Veterans Claims (Court). In a January 2013 memorandum decision, the Court vacated and remanded the denial to the Board for readjudication and disposition consistent with the memorandum decision. The Court left the Board's grant of a 50 percent rating for the PTSD intact.

Following the Board decision, additional lay and medical evidence was added to the record. However, the Veteran's representative waived the Veteran's right to have the RO initially consider this evidence in a statement dated in October 2013. 38 C.F.R. §§ 20.800, 20.1304 (2013).

The Veteran's Virtual VA paperless claims file has been reviewed in preparing this remand, along with his paper claims file. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

The Board finds that further development is necessary before the claim can be adjudicated.

The Board finds that a new psychiatric VA examination to determine the current severity of the service-connected PTSD is necessary before the claim can be decided on the merits. Specifically, before the Court, the Veteran argued that his PTSD is "seasonally exacerbated" during the months of May and June. Evidence of exacerbation of his PTSD during these months is reasonably raised by the record. See VA Medical Center (VAMC) treatment records dated in May 2006, June 2006, and May 2009. There is evidence of the exacerbations lasting months and affecting his employment. Compare Ardison v. Brown, 6 Vet. App. 405, 407-08 (1994) (additional medical examination must be provided where previous examination did not "accurately reflect the elements of disability present" (quoting 38 C.F.R. § 4.2 (1993))), with Voerth v. West, 13 Vet. App. 117, 122-23 (1994) (medical examination during inflamed period not necessary where inflamed condition did not impact employment and lasted days, rather than months). To date, the Veteran has not been afforded a VA psychiatric examination during the months of May or June. The Board finds that the aforementioned treatment records warrant an additional VA psychiatric examination scheduled in May or June to determine the current severity of the service-connected PTSD. 
The Veteran is hereby notified that it is his responsibility to report for the examination scheduled in connection with this REMAND at whatever location it is scheduled and to cooperate in the development of his case. The consequences of failure to report for a VA examination may include denial of his claim. 38 C.F.R. §§ 3.158, 3.655 (2013).

Additionally, the claims file contains a VA Form 21-4142 authorizing VA to obtain the Veteran's treatment records from the Vet Center in Norfolk, Virginia. However, to date, these treatment records have not been obtained. Upon remand, these pertinent records must be obtained and associated with the claims file. Further, the most recent outpatient treatment records from the VAMC in Hampton, Virginia, are dated from May 2012. All pertinent records since this date should be obtained and added to the claims file. See 38 U.S.C.A. § 5103A(a)(1), (b)(1), (c)(1) (West 2002); Loving v. Nicholson, 19 Vet. App. 96, 101-03 (2005).

Accordingly, the case is REMANDED for the following actions:

1. Obtain all pertinent outpatient treatment records from the Norfolk, Virginia, Vet Center.

If no additional medical records are located, a written statement to that effect should be requested for incorporation into the record.

2. Obtain all pertinent VA outpatient treatment records from the Hampton, Virginia, VAMC, since May 2012.

Ensure that the Veteran has not been treated by any other local VAMCs. If no additional medical records are located, a written statement to that effect should be requested for incorporation into the record.

3. After obtaining the above records, provide a VA psychiatric examination by a psychiatrist or doctoral level psychologist to the Veteran in order to evaluate the severity of his service-connected PTSD during the months of May or June only. Properly notify the Veteran by sending notice of the details of the examination to the Veteran at his correct address. Send the notice with sufficient time in advance to allow the Veteran to attend the examination. 

The Veteran's claims folder must be reviewed by the examiner in conjunction with the examination. Ask the examiner to discuss all findings in terms of the diagnostic codes, particularly Diagnostic Code 9411. The pertinent rating criteria must be provided to the examiner. The findings reported must be sufficiently complete to allow for rating. All indicated tests and studies should be accomplished. All clinical findings should be reported in detail. 

Request that as part of a current assessment, the examiner provide an evaluation of any periods of exacerbation, the causes for the exacerbations, length of exacerbations, and whether the exacerbations impose additional impairment of the Veteran's employment/ 

Any opinion expressed by the VA examiner should be accompanied by a complete rationale. If medical literature is relied upon in rendering this determination, the VA examiner should specifically cite each reference material utilized. 

4. After all of the above actions have been completed, readjudicate the Veteran's claim of entitlement to an initial rating in excess of 50 percent for PTSD. If the claim remains denied, issue to the Veteran and his representative a Supplemental Statement of the Case (SSOC), and afford the appropriate period of time within which to respond thereto.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
J. W. FRANCIS
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).