Citation Nr: 1719217 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 09-37 234A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to an initial evaluation in excess of 20 percent for diabetes mellitus prior to January 18, 2014, and to a rating in excess of 40 percent thereafter.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Sarah Richmond, Counsel



INTRODUCTION

The Veteran served on active duty from January 1966 to December 1968 and from August 1970 to June 1988, including combat service in the Republic of Vietnam; and his decorations include the Combat Action Badge and the Purple Heart Medal.

This matter initially came to the Board of Veterans' Appeals (Board) on appeal from a September 2008 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida, which, in pertinent part, reopened and granted service connection for Type II diabetes mellitus; assigned a 20 percent evaluation for that disability; and effectuated the award as of November 20, 2007. A subsequent December 2014 rating decision assigned a 40 percent rating, effective from January 18, 2014 (date of VA examination). This claim remains in appellate status pursuant to AB v. Brown, 6 Vet. App. 35 (1993). Accordingly, the Board has construed this appellate issue on the title page to reflect this development.

This case was previously before the Board in August 2011 and December 2013, at which time the appeal was remanded for further development to include new VA examinations of the Veteran's service-connected diabetes mellitus. Such examinations were accomplished in October 2011, November 2011, and January 2014. All other development directed by the Board's prior remands appears to have been substantially accomplished. In March 2015, the Board remanded the claim again as the Veteran had signed the release for additional treatment records for his diabetes, but the RO had not conducted the development to obtain those records. The case is now returned for appellate review. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As noted in the Board's March 2015 remand, in a February 2015 written brief, the Veteran's accredited representative contended, in pertinent part, that there were relevant records regarding the diabetes mellitus claim that were not on file. Specifically, it was noted that the Veteran had provided a release in November 2011 for records from a Dr. Belkoff, and no such records have been obtained. 

The Board acknowledged in the remand that the Veteran did submit a release for records from Dr. Belkoff in November 2011. The Board further acknowledged that an initial request for records was sent to Dr. Belkoff in November 2011, but there was no response to this request, no follow-up request or evidence that indicates a follow-up request would be futile. As such, the Board found that the diabetes mellitus claim must be remanded to conduct follow-up action to obtain these records.

On remand, the RO sent the Veteran a letter in February 2016 requesting that the Veteran again provide the proper release to obtain records from Dr. Belkoff. The Veteran did not respond. The RO then sent the Veteran an October 2016 supplemental statement of the case (SSOC). However, the October 2016 SSOC was returned as undeliverable. The RO then obtained the Veteran's corrected mailing address, but it is not clear from the record that the SSOA was re-sent to the Veteran. It also appears that the Veteran might not have received the February 2016 letter requesting the release for the records, as the RO sent the letter to the same address as the SSOC. The Veteran's representative argued in a May 2017 appellate brief that the directives of the Board's remand had not been complied with because the Veteran never received a copy of the notice letter in February 2016 or the October 2016 SSOC. 

The Board finds that the Veteran should again be provided with the opportunity to sign the release for the records for Dr. Belkoff with the letter sent to the latest address of record.

In addition, the record suggests that the Veteran's diabetes has worsened since he was last evaluated more than three years ago in January 2014. Specifically, a February 2015 VA urology consult notes that the Veteran's diabetes was uncontrolled. The previous examination in January 2014 notes that the Veteran's diabetes required insulin and regulation of activities, but does not indicate that this treatment was not controlling the diabetes. As it appears the Veteran's diabetes might have worsened since it was last evaluated in January 2014, another examination is warranted to assess the present severity of the disability.

Accordingly, the case is REMANDED for the following action:

1. Ensuring that the most recent address of record is used, request the Veteran to provide a new release for records from Dr. Belkoff, as well as the names and addresses of all medical care providers who have treated him for his diabetes mellitus since November 2014. After securing any necessary release, obtain those records not on file.

All efforts under this paragraph must include an initial request and, if the records are not received, at least one follow-up request (unless a response to the initial request makes clear that the records sought do not exist or that a follow-up request for the records would be futile). 

If the Veteran does not provide any necessary release, request that he obtain the records and provide them to VA. 

Even if the Veteran does not respond, obtain any outstanding VA medical records for the relevant period.

2. After the above has been completed, schedule the Veteran for the appropriate VA examination to assess the current level of severity of his service-connected diabetes mellitus. 

The appropriate Disability Benefits Questionnaire(s) (DBQs) should be completed. The claims folder and this remand must be made available to the examiner(s) for review, and the examination report(s) must reflect that such a review was undertaken.

The examiner should state whether or not the Veteran's diabetes requires insulin, restricted diet, and regulation of activities with episodes of ketoacidosis or hypoglycemic reactions requiring one or two hospitalizations per year or twice a month visits to a diabetic care provider, plus complications that would not be compensable if separately evaluated. 

All examination findings, along with the complete rationale for all opinions expressed, must be set forth in the examination report.

3. The AOJ should then review the record and readjudicate the claim for a rating higher than 20 percent for diabetes mellitus, prior to January 18, 2014, and higher than 40 percent thereafter. If it remains denied, the AOJ ensure that the Veteran's latest address record is used and should issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).





 (Continued on the next page)

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).