Citation Nr: 1829326 
Decision Date: 05/24/18 Archive Date: 06/12/18

DOCKET NO. 16-48 735 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to an initial evaluation in excess of 10 percent for service-connected left foot hammer toe with heel spur and weak foot.

2. Entitlement to special monthly compensation (SMC) based on the need for regular aid and attendance prior to August 21, 2017.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

R. Williams, Counsel 



INTRODUCTION

The Veteran served on active duty from October 1955 to January 1959. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from October 2014 and March 2016 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas and Huntington, West Virginia.

In July 2017, the Board remanded the case for additional development and it now returns for further appellate review. In March 2018, the Agency of Original Jurisdiction (AOJ) increased the disability rating for left foot hammer toe with heel spur and weak foot toe to 10 percent, effective February 12, 2013, and granted entitlement to SMC based on the need for aid and attendance from August 21, 2017. As the AOJ did not assign the maximum disability rating possible for the entire period on appeal, the appeal remains before the Board and is recharacterized above. See AB v. Brown, 6 Vet. App. 35 (1993).

This appeal has been advanced on the Board's docket pursuant to 38 C. F.R. § 20.900(c) (2016). 38 U.S.C. § 7107(a)(2) (2012).


FINDING OF FACT

Prior to the promulgation of the Board's decision on appeal, the Veteran withdrew his appeal as to the issues of entitlement to an initial rating in excess of 10 percent for left foot hammer toe with heel spur and weak foot and entitlement to special monthly compensation based on the need for regular aid and attendance prior to August 21, 2017.



CONCLUSIONS OF LAW

1. The criteria for the withdrawal of the appeal with respect to the issue of entitlement to an initial rating in excess of 10 percent for left foot hammer toe with heel spur and weak foot have been met. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. §§ 20.202, 20.204 (2017).

2. The criteria for the withdrawal of the appeal with respect to the issue of entitlement to entitlement to special monthly compensation based on the need for regular aid and attendance prior to August 21, 2017 have been met. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. §§ 20.202, 20.204 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSIONS

Generally the Board's jurisdiction is predicated upon an appeal having been filed on an issue or issues in controversy. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. §§ 19.7, 20.101. An appeal consists of a timely filed notice of disagreement (NOD) in writing, and, after a statement of the case (SOC) has been furnished, a timely filed substantive appeal. 38 U.S.C.A. § 7105, 38 C.F.R. § 21.200.

Under 38 U.S.C. § 7105, the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. A substantive appeal may be withdrawn in writing at any time before the Board promulgates a decision. 38 C.F.R. §§ 20.202, 20.204(b). Except for appeals withdrawn on the record at a hearing, appeal withdrawals must be in writing. 38 C.F.R. § 20.204(c).

In the present case, according to correspondence received in March 2018, the Veteran indicated that he was withdrawing any issues contained in the recent Board remand order. Accordingly, there no longer remains any allegation of fact or law for appellate consideration regarding those claims and, consequently, the Board does not have jurisdiction to review the claims. They are, therefore, dismissed.


ORDER

The appeal as to the issue of entitlement to an initial rating in excess of 10 percent for left foot hammer toe with heel spur and weak foot is dismissed.

The appeal as to the issue of entitlement to special monthly compensation based on the need for regular aid and attendance prior to August 2017 is dismissed.


____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs