Citation Nr: 1829588 
Decision Date: 06/18/18 Archive Date: 07/02/18

DOCKET NO. 06-17 962A ) DATE
 )
 )

On appeal from the decision of the 
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUES

1. Entitlement to a rating in excess of 30 percent for left eye hypertropia.

2. Entitlement to a total disability rating based upon individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT THE HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Joshua Castillo, Counsel


INTRODUCTION

The Veteran served on active duty from September 1955 to November 1957.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from February 2006 and April 2007 rating decisions of the Department of Veterans' Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania.

In a November 2005 decision, the Board reopened and granted the Veteran's claim for service connection for left eye hypertropia; and in a February 2006 rating decision, the RO assigned a non-compensable rating for the left eye hypertropia. The Veteran submitted a timely disagreement with the assigned disability rating.

In an April 2007 rating decision, the RO granted entitlement to service connection for headaches and cervical spasms, secondary to left eye hypertropia, and assigned an effective date of April 3, 2006. The Veteran timely appealed the effective date.

In an April 2012 decision, the Board remanded the earlier effective date claims for headaches and cervical spasms, the increased rating claim for left eye hypertropia and the TDIU claim for additional development.

In March 2013, the Veteran testified at a Board hearing before a Veterans Law Judge who is no longer employed at the Board. The Board subsequently invited the Veteran to a second hearing before another Veterans Law Judge; however, in April 2018, he declined to have another hearing.

In April 2017, the Board granted an effective date of March 31, 2005, for the award of service connection for headaches; denied an effective date earlier than April 3, 2006, for the award of service connection for cervical spasms; and remanded the issues concerning entitlement to an increased rating for left eye hypertropia and a TDIU.

In an August 2017 rating decision, the RO implemented the Board's award of an earlier effective date for the award of service connection for headaches; increased the Veteran's rating for left eye hypertropia to 30 percent; and awarded special monthly compensation for loss of use of one eye. However, as such did not constitute a full grant of the benefits sought on appeal, the issues of entitlement to an increased rating for left eye hypertropia and a TDIU remain in appellate status. See AB v. Brown, 6 Vet. App. 35 (1993).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900 (c) (2017). 38 U.S.C. § 7107(a)(2) (2012).


FINDINGS OF FACT

1. The Veteran served on active duty from September 1955 to November 1957.

2. On March 23, 2018, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran, through his authorized representative, that he wished to withdraw his appeal of the issues of entitlement to a rating in excess of 30 percent for left eye hypertropia and a TDIU with a full understanding of the consequences of such action.


CONCLUSION OF LAW

The criteria for withdrawal of an appeal by the Veteran have been met. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. § 20.204 (2017).





REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. Withdrawal of a claim must be "explicit, unambiguous, and done with a full understanding of the consequences of such action." DeLisio v. Shinseki, 25 Vet. App.45, 47 (2011).

In a written statement received on March 23, 2018, the Veteran withdrew from appeal the issues of entitlement to an increased rating for left eye hypertropia and a TDIU. In April 2018, the Veteran submitted a second written statement confirming his intention to withdraw such issues from appeal. Hence, there remain no allegations of error of fact or law for appellate consideration with regard to these issues. Accordingly, the Board does not have jurisdiction to review the appeal of these issues and they must be dismissed.


ORDER

The appeal is dismissed.




 
STEVEN D. REISS
 Veterans Law Judge, Board of Veterans' Appeals




Department of Veterans Affairs