﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200211-59856
DATE: January 29, 2021

ORDER

Entitlement to an initial 70 percent rating for posttraumatic stress disorder (PTSD) is granted, subject to the laws and regulations governing the payment of monetary benefits.

FINDING OF FACT

The service-connected PTSD more nearly approximates occupational and social impairment with deficiencies in most areas such as work, school, family relations, judgment, thinking or mood. 

CONCLUSION OF LAW

The criterial for an initial 70 percent rating for PTSD have been met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 4.3, 4.7, 4.130, Diagnostic Code 9411. 

 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from July 1999 to November 2019. 

The rating decision on appeal was issued in February 2020; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. The Veteran timely appealed this decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

Entitlement to an initial rating higher than 50 percent for PTSD. 

Disability evaluations are determined by the application of the Schedule for Rating Disabilities, which assigns ratings based on the average impairment of earning capacity resulting from a service-connected disability. 38 U.S.C. § 1155; 38 C.F.R. Part 4. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. VA has a duty to acknowledge and consider all regulations that are potentially applicable through the assertions and issues raised in the record, and to explain the reasons and bases for its conclusions. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). The Board will consider whether separate ratings may be assigned for separate periods of time based on facts found, a practice known as “staged ratings”. Fenderson v. West, 12 Vet. App. 119, 126-27 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). 

The Veteran’s service-connected PTSD is evaluated under the General Rating Formula for Mental Disorders. See 38 C.F.R. § 4.130, Diagnostic Codes 9411. Under these criteria, a 30 percent rating is warranted for occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactory, with routine behavior, self-care, and conversation normal), due to such symptoms as depressed mood; anxiety; suspiciousness; panic attacks (weekly or less often); chronic sleep impairment; or mild memory loss (such as forgetting names, directions, recent events). 

A 50 percent rating is warranted for occupational and social impairment with reduced reliability and productivity due to particular symptoms such as: flattened affect; circumstantial, circumlocutory or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory; impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships. 

A 70 percent rating is warranted where there is occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships.

A 100 percent rating is warranted where there is total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name.

In addition, when evaluating a mental disorder, the rating agency shall consider the frequency, severity, and duration of psychiatric symptoms, the length of remissions, and the veteran’s capacity for adjustment during periods of remission. 38 C.F.R. § 4.126(a). The rating agency shall assign an evaluation based on all the evidence of record that bears on occupational and social impairment rather than solely on the examiner’s assessment of the level of disability at the moment of the examination. Id. However, when evaluating the level of disability from a mental disorder, the rating agency will consider the extent of social impairment, but shall not assign an evaluation on the basis of social impairment. 38 C.F.R. § 4.126(b).

The Board notes, with regard to the use of the phrase “such as” in 38 C.F.R. § 4.130 (General Rating Formula for Mental Disorders), that ratings are assigned according to the manifestations of particular symptoms. However, the use of the phrase “such as” in 38 C.F.R. § 4.130 demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, but rather are to serve only as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. Mauerhan v. Principi, 16 Vet. App. 436 (2002). The United States Court of Appeals for the Federal Circuit emphasized that the list of symptoms under a given rating is a nonexhaustive list, as indicated by the words “such as” that precede each list of symptoms. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 118 (Fed. Cir. 2013). It held that a veteran may only qualify for a given disability rating under § 4.130 by demonstrating the particular symptoms associated with that percentage or others of similar severity, frequency, and duration. Other language in the decision indicates that the phrase “others of similar severity, frequency, and duration,” can be thought of as symptoms of like kind to those listed in the regulation for a given disability rating. 

The evidence considered in determining the level of impairment under § 4.130 is not restricted to the symptoms provided in the Diagnostic Code. VA must consider all symptoms of a claimant’s condition affecting the level of occupational and social impairment, including, if applicable, those identified in the Diagnostic and Statistical Manual of Mental Disorders (DSM). When determining the appropriate disability evaluation to assign, the Board’s primary consideration is the Veteran’s symptoms, but it must also make findings as to how those symptoms impact the Veteran’s occupational and social impairment. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 118 (Fed. Cir. 2013). It is the impact of the symptoms on occupational and social functioning that determines the rating. 

By way of history, the Regional Office in a rating decision in February 2020 granted service connection for PTSD and assigned a 50 percent rating effective December 1, 2019, the day after the Veteran was separated from service. 

During the entire appeal period, the Veteran’s PTSD more nearly approximates the criteria for a 70 percent rating based on occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood. 

The Board acknowledges that on VA examination in January 2020, the examiner opined that the Veteran had occupational and social impairment with occasional decrease in work efficiency and intermittent period of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation. The Board also acknowledges that the evidence shows symptoms that are included in the criteria for ratings lower than 70 percent. However, the VA opinion and such findings are outweighed by the evidence summarized below, to include service treatment records and symptoms found on the VA examination in January 2020.

Service treatment records including from April 2019 to June 2019 show the Veteran had nightmares, anxiety, stress, and anger problems following his return from deployment in Baghdad. He reported hyper-arousal in crowded places and acute anxiety with shaking and profuse sweating whenever he was in large crowds. He had sleep impairment and conducted nightly sweeps of his house with his handgun because he felt unsafe and feared his family may be harmed. In April 2019 the records also show the Veteran reported daily bouts of irritability. 

On VA examination in January 2020 the examiner acknowledged that service treatment records including in June 2019 show nightmares, anxiety, stress, anger problems, hyper-arousal in crowded places, and acute anxiety in large crowds. He had racing thoughts and conducted nightly sweeps of his house with his handgun due to feeling unsafe and fearful his family may be harmed. 

The examiner noted that the Veteran reported that his anger control problems impaired his ability to interact appropriately with superior officers and his symptoms impaired his ability to make good decisions during service. The Veteran has not been employed as a civilian and planned to work as a real estate agent. The Veteran reported having anxiety among crowds and being hypervigilant. He had intrusive memories of deployment and carried a gun wherever he went. He reported an episode of rage triggered by minor stressors, characterized by destroying possessions, throwing things, and hitting walls. He reported being argumentative and being in numerous physical altercations in the past. He had sleep disturbances and was distrustful of others. 

The examiner determined that the Veteran’s symptoms included intrusive distressing memories, avoidance or efforts to avoid distressing memories, persistent negative emotional state, feelings of detachment or estrangement from others, irritable behavior and angry outbursts, hypervigilance, sleep disturbance, and disturbance causing clinically significant distress or impairment in social, occupational or other important areas of function. His symptoms also included, anxiety; suspiciousness; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships; difficulty adapting to stressful circumstances, including work or a work like setting; and impaired impulse control, such as unprovoked irritability with periods of violence.

In the February 2020 Notice of Disagreement, VA Form 10182, the Veteran stated that he was requesting a 70 percent rating. Thus, the Veteran has limited his PTSD rating appeal to a particular disability rating which is less than the maximum disability rating allowed by law. See AB v. Brown, 6 Vet. App. 35, 39 (1993). Given that the 70 percent rating expressly sought by the Veteran has been granted, the decision herein represents a full grant of the benefit sought on appeal. 

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Mac, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.