Citation Nr: 21049997
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 17-07 536
DATE: August 13, 2021

REMANDED

Entitlement to a rating in excess of 20 percent for history of C5 compression fracture with mild intervertebral disc space narrowing at C5-C6 with cervicalgia, degenerative arthritis changes in the uncovertebral joints and degenerative disc disease of the cervical spine (neck condition) is remanded.

Entitlement to service connection for a disability manifested by fatigue is remanded.

Entitlement to service connection for gastroesophageal reflux disease (GERD) is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Navy from October 1978 to March 1979, August 1979 to January 1985, April 1986 to July 1987, and in the United States Army from February 2009 to August 2012. He had additional periods of National Guard service. 

These matters are before the Board of Veterans' Appeals (Board) on appeal from a June 2017 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

In the Veteran's May 2018 VA Form 9, Appeal to Board of Veterans' Appeals, the Veteran requested to appear at a hearing before the Board. However, in correspondence received in October 2020, the hearing request was withdrawn.

An April 2018 rating decision granted service connection for chronic constipation (claimed as irritable bowel syndrome). As the decision constitutes a full grant of the claim previously before the Board, the matter is no longer before the Board and will not be discussed further.

A February 2021 rating decision granted entitlement to a total disability rating for individual unemployability (TDIU) effective August 2, 2012, the day after the Veteran's separation from service. In an October 2020 statement, the Veteran's attorney contended that the Veteran was entitled to TDIU since the day of his discharge. Therefore, the February 2021 rating decision constitutes a full grant of the claim previously before the Board and will not be discussed further.

In January 2018, the RO increased the Veteran's disability rating for his neck condition to 20 percent, effective August 8, 2016. As the increased rating is less than the maximum under the applicable criteria, the claim remains on appeal. See AB v. Brown, 6 Vet. App. 35, 38 (1993).

The Board notes that the Veteran's claim of service connection for a disability manifested by fatigue was denied in January 2015, August 2015, December 2015, June 2016, and June 2017 rating decisions. His claim for GERD was denied in August 2015, December 2015, June 2016, and June 2017 rating decisions. In the June 2017 rating decision, the RO considered whether new and material evidence had been submitted to reopen the claims. However, as the Veteran continuously pursued these claims, the Board finds new and material evidence is not required to address the Veteran's claims on the merits.

1. Entitlement to a rating in excess of 20 percent for a neck condition is remanded.

A review of the record reflects that the Veteran was most recently afforded a VA examination to assess the severity of his neck condition in December 2019. However, a January 2020 VA treatment record reflects that the Veteran reported that his neck condition had worsened, noting that he had to buy new pillows to help with the increased pain and that he had been experiencing a recent tightening of his neck muscles. Given the indication of potential worsening, the Board finds that a VA examination should be scheduled to evaluate the current severity of his service-connected neck condition. 

2. Entitlement to service connection for a disability manifested by fatigue is remanded.

A review of the record reflects that the Veteran has reported experiencing constant fatigue since his separation from service, as noted in a February 2016 VA treatment record. Additionally, the Veteran has reported that his fatigue onset during his service and indicated his belief that his fatigue may be related to vaccines, namely the anthrax vaccine, received during his service. He also contends his fatigue is secondary to his service-connected psychiatric disability. Thus, the Board finds remand for a VA examination and medical opinion is required. 

3. Entitlement to service connection for GERD is remanded.

The Board finds remand for a VA examination and medical opinion necessary. VA is obliged to provide an examination or obtain a medical opinion in a claim of service connection when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service, and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79. The threshold for finding a link between a current disability and service is low. McLendon, 20 Vet. App. at 83.

Here, the record shows the Veteran was diagnosed with reflux esophagitis, as noted in VA treatment records. Additionally, his service treatment records note a diagnosis of GERD. The Veteran also contends that his GERD may have been caused by vaccines, namely an anthrax vaccine, he received during service. In light of this, the Board finds that the low threshold requirements for obtaining a VA examination and opinion have been satisfied. Therefore, remand is required to obtain a VA examination to determine whether the Veteran's GERD is related to his active duty service. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination by an appropriate examiner to determine the current severity of his service-connected neck condition. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran's disability under the rating criteria.

2. Schedule the Veteran for a VA examination to determine the nature and etiology of his fatigue. The electronic claims file should be made available to the examiner for review in conjunction with the examination.

Following a review of the Veteran's claims file, the examiner is asked to respond to the following:

(a) Please state whether the Veteran's fatigue is attributable to a known clinical diagnosis at any time during the pendency of his claim.

(b) For any known clinical diagnosis, opine as to whether it is at least as likely as not (a 50 percent or greater probability) such disorder had its onset during service, or is otherwise related to his service, to include vaccines received during service.

In providing this opinion, the examiner should consider the Veteran's lay statements, including his contentions reported in a March 2015 correspondence document.

(c) For any known clinical diagnosis, opine as to whether it is at least as likely as not (a 50 percent or greater probability) such disorder was caused by his service-connected chronic adjustment disorder or obstructive sleep apnea.

(d) For any known clinical diagnosis, opine as to whether it is at least as likely as not such disorder was aggravated (i.e., worsened beyond natural progression) by his service-connected chronic adjustment disorder or obstructive sleep apnea.

A complete rationale for all opinions must be provided. If the clinician cannot provide a requested opinion without resorting to speculation, it must be so stated, and the clinician must provide the reasons why an opinion would require speculation. The clinician must indicate whether there was any further need for information or testing necessary to make a determination.

3. Schedule the Veteran for a VA examination to determine the nature and etiology of his GERD. The electronic claims file should be made available to the examiner for review in conjunction with the examination. 

Following a review of the claims file, the examiner is asked to provide an opinion on whether it is at least as likely as not (a 50 percent or greater probability) the Veteran's GERD had its onset in or is otherwise related to his active service, to include his in-service GERD diagnosis and vaccines received during service.

In providing the requested opinions, the examiner should consider the Veteran's lay statements, including his contentions reported in a March 2015 correspondence document.

A complete rationale for all opinions must be provided. If the clinician cannot provide a requested opinion without resorting to speculation, it must be so stated, and the clinician must provide the reasons why an opinion would require speculation. The clinician must indicate whether there was any further need for information or testing necessary to make a determination. Additionally, the clinician must indicate whether any opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner.

 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. Jiggetts

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.