Citation Nr: 1719232 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 13-19 804 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to an initial compensable rating prior to June 29, 2015, and in excess of 10 percent thereafter for right knee, patella femoral syndrome (right knee disability).

2. Entitlement to an initial compensable rating prior to June 29, 2015, and in excess of 10 percent thereafter for left knee, patella femoral syndrome (left knee disability).


ATTORNEY FOR THE BOARD

M. Rescan, Associate Cousel 


INTRODUCTION

The Veteran had active duty service in the United States Marine Corps from August 2006 through August 2010.
This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. Subsequently, the RO in Montgomery, Alabama, certified the claim to the Board on appeal. 

In the December 2015 rating decision, the RO increased the Veteran's noncompensable rating for each of his knees to 10 percent effective from June 29, 2015. As this assigned rating is still less than the maximum benefit available, the appeal is still pending. See AB v. Brown, 6 Vet. App. 35, 39 (1993) (holding that a subsequent RO decision assigning a higher rating, but less than the maximum available benefit, does not abrogate the pending appeal). Thus, the issues of entitlement to a higher initial rating remains on appeal and has been recharacterized as reflected on the title page. 

The case was previously remanded in May 2015 and May 2016 to the Agency of Original Jurisdiction (AOJ) for further development. 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Regarding the Veteran's claims for higher initial ratings for his right and left knee disability, in May 2015, the Board remanded the Veteran's claims to obtain a medical opinion to determine the severity of the Veteran's right and left knee disabilities. Subsequently, the Veteran underwent a VA knee examination in July 2015. Unfortunately, the Board finds that the July 2015 VA examination is inadequate for rating purposes. In Correia v. McDonald, the United States Court of Appeals for Veterans Claims (Court) essentially held that that the final sentence of 38 C.F.R. § 4.59 requires that VA examinations include joint testing for pain on both active and passive motion, in weight-bearing and non-weight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint. Correia v. McDonald, 28 Vet. App. 158 (2016). 38 C.F.R. § 4.59 (2016). The July 2015 examination report does not include range of motion testing for pain on both active and passive motion or with weight-bearing and non-weight-bearing. As such, pursuant to Correia, the Veteran must be provided an adequate VA joints examination to include range of motion testing on active and passive motion and in weight bearing and non-weight bearing conditions.

While the appeal is in remand status, the AOJ should also obtain and associate with the record any outstanding VA and private treatment records. See 38 U.S.C.A. § 5103A(d) (West 2014). 

Accordingly, the case is REMANDED for the following action

1. Associate with the Veteran's claims file the Veteran's contemporaneous VA treatment records from July 2015 to the present.

2. After obtaining authorizations from the Veteran, associate with the claims file his contemporaneous private treatment records from July 2015 to the present.

3. Schedule the Veteran for an appropriate VA examination to determine the current severity of his service-connected bilateral knee disability. The electronic claims file must be reviewed by the examiner. All indicated studies and testing must be conducted, and all pertinent symptomatology must be reported in detail.

(A). In reporting the results of range of motion testing, the examiner should identify any objective evidence of pain, and the degree at which pain begins.

(B). The extent of any weakened movement, excess fatigability, and incoordination on use should also be described by the examiner. The examiner should assess the additional functional impairment due to weakened movement, excess fatigability, or incoordination in terms of the degree of additional range of motion loss. If it is not feasible to do so to any degree of medical certainty without resorting to speculation, then the examiner must provide an explanation for why this is so.

(C). The examiner should also express an opinion concerning whether there would be additional functional impairment on repeated use or during flare-ups. The examiner should assess the additional functional impairment on repeated use or during flare-ups in terms of the degree of additional range of motion loss. If it is not feasible to do so to any degree of medical certainty without resorting to speculation, then the examiner must provide an explanation for why this is so.

(D). In accordance with the Correia case, the range of motion of each of the Veteran's knees should be tested actively and passively, in weight bearing and non-weight bearing, and after repetitive use. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why this is so. 

The VA examination report must include a complete rationale for all opinions expressed. 

In providing the requested opinions, the examiner should consider the Veteran's competent lay claims regarding the observable symptoms he has experienced. 

If the examiner feels that any of the requested opinions cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training).

4. Then adjudicate the claim. If any benefit sought on appeal is not granted in full, furnish the Veteran a supplemental statement of the case (SSOC) that addresses all evidence added to the claims file since the December 2015 SSOC and the Veteran should thereafter be given an appropriate opportunity for response before returning the appeal to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).



This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Michael J. Skaltsounis
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).