Citation Nr: 1736700 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 10-08 044 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to a rating in excess of 20 percent from May 4, 2011, for degenerative disc disease, lumbar spine, L3-L4, L5-S1.

2. Entitlement to a rating in excess of 20 percent from May 4, 2011, for degenerative disc disease, cervical spine, C5-6.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

Martha R. Luboch, Associate Counsel


INTRODUCTION

The Veteran had active duty service from October 1981 to April 1996.

These matters come before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina.

The Veteran testified before the undersigned Acting Veterans Law Judge (AVLJ) at a Travel Board hearing in October 2010. A transcript of the hearing has been associated with the claims file.

In April 2011, the Board remanded these claims for additional development. During that time, the RO, via an August 2012 rating decision, increased the Veteran's lumbar spine and cervical spine disability ratings from 10 percent to 20 percent effective May 4, 2011. Despite the grant of these increased evaluations, the Veteran has not been awarded the highest possible evaluation for each disability. As a result, he is presumed to be seeking the maximum possible evaluation. These issues remained on appeal as the Veteran did not indicate satisfaction with the 20 percent rating for his lumbar and cervical spine. A.B. v. Brown, 6 Vet. App. 35 (1993). 

In February 2015, the Board denied disability ratings greater than 10 percent prior to May 4, 2011 and greater than 20 percent thereafter for the Veteran's lumbar and cervical spine disabilities. The Veteran appealed the February 2015 Board decision to the Court of Appeals for Veterans Claims (CAVC). In an April 2016 Order, the court granted a Joint Motion for Partial Remand (JMPR) and vacated and remanded the issues of entitlement to disability ratings in excess of 20 percent for the Veteran's lumbar and cervical spine disabilities, for the period beginning May 4, 2011, for development consistent with the JMPR. 

The issues of entitlement to separate ratings in excess of 10 percent for disabilities of the lumbar and cervical spine prior to May 4, 2011, were not contemplated by the JMPR and, therefore, are not on appeal. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board sincerely regrets the additional delay, the Veteran's claim must be remanded before the Board is able to make a determination on the merits.

In November 2016, the Board remanded the Veteran's appeal for development consistent with the April 2016 JMPR. A review of the record reveals that the Veteran was afforded VA examinations for his cervical and lumbar spine disabilities in January 2017. The examination reports show that the Veteran had flexion of the cervical spine to 40 degrees and extension to 15 degrees. There was no evidence of pain with weight-bearing. The Veteran was able to perform repetitive use testing with at least three repetitions and there was no additional functional loss of range of motion after three repetitions. The Veteran had flexion of the lumbar spine to 80 degrees and extension to 25 degrees. There was no evidence of pain with weight-bearing. The Veteran was able to perform repetitive use testing with at least three repetitions and there was no additional functional loss after three repetitions.

In a recent decision from the Court of Appeals for Veterans Claims, it was found that the final sentence of 38 C.F.R. § 4.59 requires that VA examinations include joint testing for pain on both active and passive motion, in weight-bearing and non weight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint. Correia v. McDonald, 28 Vet. App. 158 (2016). Given the fact that the January 2017 VA examinations do not include joint testing for pain on both active and passive motion, in weight-bearing and non weight-bearing pursuant to Correia, a new VA examination is required.

Additionally, on VA examinations in May 2011 and November 2012, the examiners acknowledged that the Veteran experienced flare-ups of his symptomatology in his lumbar and cervical spine. Significantly, the April 2016 JMPR found that the November 2012 VA examiner "did not attempt to quantify the degree of such impairment, nor did he indicate that such a discussion is not feasible." During the January 2017 VA examination, the Veteran denied experiencing flares and, because of this, the examiner did not comment on the follow-up questions in the disability benefits questionnaire regarding the degree of impairment from any previously reported flare-ups. Given that this was the main purpose behind the April 2016 JMPR, the Board finds that a retrospective opinion is necessary to address the impairment resulting from the Veteran's reported flare-ups in both May 2011 and November 2012.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the current severity of his lumbar and cervical spine disorders.

The examiner should test the range of motion of both the lumbar and cervical spine in active motion, passive motion, weight-bearing, and non weight-bearing in accordance with Correia v. McDonald, 28 Vet. App. 158 (2016). If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

During range of motion testing, the examiner should provide commentary regarding symptoms including painful motion, functional loss due to pain, excess fatigability, weakness, and additional disability during flare-ups. Any additional loss of motion with repetitive movement should be noted. The examiner should inquire as to periods of flare-up, and note the frequency and duration of any such flare-ups, and the functional losses imposed. The examiner should further attempt to qualify the degree of such impairment or indicate that such discussion is not feasible.

Furthermore, the examiner should attempt to provide a retrospective opinion addressing the Veteran's reported flare-ups on VA examination in May 2011 and November 2012. Specifically, the examiner is asked to comment on the additional functional impairment or limitation of motion caused by the reported flare-ups and to attempt to quantify the degree of such impairment. If this discussion is not feasible, the examiner is asked to provide a rationale for why that is so.

2. Next, readjudicate the appeal based on the entirety of the evidence. If the claims remain denied, the Veteran, and his representative, should be issued a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
APRIL MADDOX
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).