Citation Nr: 1749164 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 11-00 070 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to a rating in excess of 20 percent for postoperative hemilaminectomy and laminectomy, low back.

2. Entitlement to a rating in excess of 20 percent for the period prior to March 28, 2012, and in excess of 40 percent thereafter for right lower extremity neuropathy.

3. Entitlement to a rating in excess of 10 percent for the period prior to March 28, 2012, and in excess of 40 percent thereafter for left lower extremity neuropathy.

4. Entitlement to a rating in excess of 20 percent for left shoulder arthritis.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

W.V. Walker, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1979 to January 1999.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia.

In a June 2017 rating decision, the RO granted an increased evaluation of 20 percent for left shoulder arthritis, effective November 18, 2008. Despite the grant of the increased evaluation, the Veteran has not been awarded the highest possible evaluation and the Veteran has not indicated satisfaction with the 20 percent rating. Thus, the issue remains on appeal. A.B. v. Brown, 6 Vet. App. 35 (1993).


FINDINGS OF FACT

1. For the period prior to March 28, 2012, the Veteran's postoperative hemilaminectomy and laminectomy, low back, was manifested by forward flexion to 45 degrees. There was no finding of intervertebral disc syndrome (IVDS) during this time period.

2. For the period from March 28, 2012 to January 20, 2017, the Veteran's postoperative hemilaminectomy and laminectomy, low back, is manifested by forward flexion to 60 degrees and IVDS with incapacitating episodes having a total duration of at least six weeks during the past 12 months.

3. For the period starting January 21, 2017, the Veteran's postoperative hemilaminectomy and laminectomy, low back, is manifested by forward flexion to 80 degrees and no incapacitating episodes from IVDS.

4. For the period prior to March 28, 2012, the Veteran's right lower extremity neuropathy was manifested by an absence of deep tendon reflexes in the right ankle and right knee. 

5. Since March 28, 2012, the Veteran's right lower extremity neuropathy has been manifested by hypoactive deep tendon reflexes in the knee and ankle; decreased sensation to light touch in the right lower extremity; and moderate intermittent pain, moderate paresthesias/dysesthesias and moderate numbness.

6. For the period prior to March 28, 2012, the Veteran's left lower extremity neuropathy was manifested by decreased sensation in the left thigh and shin, and an absence of deep tendon reflexes in the left ankle.

7. Since March 28, 2012, the Veteran's left lower extremity neuropathy has been manifested by hypoactive deep tendon reflexes in the knee and ankle; decreased sensation to light touch in the right lower extremity; and moderate intermittent pain, moderate paresthesias/dysesthesias and moderate numbness.

8. The Veteran's left shoulder arthritis is manifested by flexion to 180 degrees, abduction to 180 degrees, external rotation to 90 degrees and internal rotation to 90 degrees.


CONCLUSIONS OF LAW

1. For the period prior to March 28, 2012, the criteria for a rating in excess of 20 percent for postoperative hemilaminectomy and laminectomy, low back, have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.7, 4.10, 4.14, 4.71a, Diagnostic Code 5243 (2017).

2. For the period from March 28, 2012 to January 20, 2017, the criteria for a rating in excess of 20 percent for postoperative hemilaminectomy and laminectomy, low back, have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.7, 4.10, 4.14, 4.71a, Diagnostic Code 5243 (2017).

3. For the period starting January 21, 2017, the criteria for a rating in excess of 20 percent for postoperative hemilaminectomy and laminectomy, low back, have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.7, 4.10, 4.14, 4.71a, Diagnostic Code 5243 (2017).

4. For the period prior to March 28, 2012, the criteria for a rating in excess of 20 percent for right lower extremity neuropathy have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.6, 4.7, 4.10, 4.14, 4.124a, Diagnostic Code 8520 (2017).

5. For the period starting March 28, 2012, the criteria for a rating in excess of 40 percent for right lower extremity neuropathy have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.6, 4.7, 4.10, 4.14, 4.124a, Diagnostic Code 8520 (2017).

6. For the period prior to March 28, 2012, the criteria for a rating in excess of 10 percent for left lower extremity neuropathy have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.6, 4.7, 4.10, 4.14, 4.124a, Diagnostic Code 8520 (2017).

7. For the period beginning March 28, 2012, the criteria for a rating in excess of 40 percent for left lower extremity have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.6, 4.7, 4.10, 4.14, 4.124a, Diagnostic Code 8520 (2017).

8. The criteria for a rating in excess of 20 percent for left shoulder arthritis have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.7, 4.10, 4.14, 4.69, 4.71a, Diagnostic Code 5201 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Increased Ratings Generally

Disability evaluations are determined by application of the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. The Veteran's entire history is to be considered when making disability evaluations. See generally 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1995). After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3. 
 
Pyramiding under different diagnostic codes is to be avoided. 38 C.F.R. § 4.14 (the evaluation of the same disability under various diagnoses is to be avoided).
 
The Court has held that "staged" ratings are appropriate for any rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson v. West, 12 Vet. App 119 (1999). 

Postoperative hemilaminectomy and laminectomy, low back

The Veteran's service-connected postoperative hemilaminectomy and laminectomy, low back, has been rated under the provisions of 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5243. Under DC 5243, intervertebral disc syndrome (IVDS) is to be evaluated under the General Rating Formula for Diseases and Injuries of the Spine or under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, whichever method results in the higher evaluation. 

Under the General Rating Formula for Diseases and Injuries of the Spine, a 10 percent rating is assigned for forward flexion of the thoracolumbar spine greater than 60 degrees but not greater than 85 degrees; or, combined range of motion of the thoracolumbar spine greater than 120 degrees but not greater than 235 degrees; or, muscle spasm, guarding, or, localized tenderness not resulting in abnormal gait or abnormal spinal contour.

A 20 percent rating is assigned for forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or, the combined range of motion of the thoracolumbar spine not greater than 120 degrees; or, muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis.

A 40 percent rating is assigned for forward flexion of the thoracolumbar spine 30 degrees or less, or favorable ankylosis of the entire thoracolumbar spine.

A 50 percent rating is assigned for unfavorable ankylosis of the entire thoracolumbar spine.

A 100 percent rating is assigned for unfavorable ankylosis of the entire spine.

Under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, a 10 percent rating is assigned for IVDS with incapacitating episodes having a total duration of at least 1 week but less than 2 weeks during the past 12 months; a 20 percent rating is assigned for a total duration of at least 2 weeks but less than 4 weeks during the past 12 months; a 40 percent rating is assigned for a total duration of at least 4 weeks but less than 6 weeks during the past 12 months; and, a 60 percent rating is assigned for a total duration of at least 6 weeks during the past 12 months.

The Veteran contends that he is entitled to a rating in excess of 20 percent for his postoperative hemilaminectomy and laminectomy, low back, because the current assigned 20 percent rating does not adequately represent the severity of his condition. The Board finds that the Veteran's condition has significantly changed over the course of the appeal period and has assigned staged ratings accordingly. See Hart v. Mansfield, 21 Vet. App. 505 (2007).

For the period prior to March 28, 2012, there is no evidence that indicates that the Veteran's postoperative hemilaminectomy and laminectomy, low back, was characterized by forward flexion of the thoracolumbar spine to 30 degrees or less; favorable ankylosis of the entire thoracolumbar spine; or, IVDS with a total duration of incapacitating episodes of at least 4 weeks but less than 6 weeks during the past 12 months. 

The Veteran underwent a VA examination in December 2008. Range of motion testing results were as follows: flexion to 45 degrees with pain at 40 degrees; extension to 20 degrees with pain at 20 degrees; right lateral flexion to 25 degrees with pain at 20 degrees; left lateral flexion to 25 degrees with pain at 20 degrees; right lateral rotation to 20 degrees with pain at 20 degrees; and, left lateral rotation to 20 degrees with pain at 20 degrees. The Veteran did not report that he had been deemed incapacitated by a physician within the past 12 months. The Veteran reported constant pain, stiffness and numbness in his back. The examiner diagnosed the Veteran's conditions as scoliosis of the thoracic and lumbar spine and IVDS. 

In a September 2008 VA treatment note, the Veteran reported feeling back pain but that he was able to walk two miles a day and work part-time as a truck driver. See April 2009 CAPRI, p. 2. The Veteran was noted as functioning well and referred for physical therapy.

In light of the evidence, the Board finds that there is insufficient evidence to warrant a rating in excess of 20 percent for the period prior to March 28, 2012. In order to receive a higher evaluation, there must be forward flexion of the thoracolumbar spine to 30 degrees or less; favorable ankylosis of the entire thoracolumbar spine; or, IVDS with a total duration of incapacitating episodes of at least 4 weeks but less than 6 weeks during the past 12 months. The December 2008 examiner noted forward flexion to 45 degrees with pain at 40 degrees; the Veteran did not report having any episodes of incapacitation; and, the examiner did not note any ankylosis. The pain, stiffness and numbness reported by the Veteran are contemplated by 20 percent rating. Thus, the Board concludes that the weight of the evidence preponderates against a finding of entitlement to a rating in excess of 20 percent for postoperative hemilaminectomy and laminectomy, low back, for the period prior to March 28, 2012.

For the period from March 28, 2012 to January 20, 2017, the Board finds that the evidence preponderates in favor of a finding of entitlement to a rating in excess of 20 percent. The Veteran underwent a VA examination in March 2012 and the range of motion testing results were as follows: flexion to 60 degrees with pain at 45 degrees; extension to 15 degrees with pain at 10 degrees; right lateral flexion to 15 degrees with pain at 15 degrees; left lateral flexion to 15 degrees with pain at 10 degrees; right lateral rotation to 15 degrees with pain at 10 degrees; and, left lateral rotation to 20 degrees with pain at 10 degrees. The examiner observed localized tenderness or pain to palpation along the joints and/or soft tissue of the lumbosacral spine. The examiner also observed guarding or muscle spasms that resulted in an abnormal spinal contour. The examiner further indicated that the Veteran experienced a total duration of at least six weeks of incapacitation during the previous 12 months.

The Board finds that Veteran's disability more closely approximates the picture contemplated at the 60 percent rating for the period from March 28, 2012 to January 20, 2017. A rating of 100 percent requires unfavorable ankylosis of the entire spine. As no ankylosis has been noted, this rating is not applicable. During the March 2012 VA examination, the examiner noted that the Veteran had a total duration of at least six weeks of incapacitation over the past 12 months which is reflective of the criteria found at the 60 percent rating. Accordingly, the Board concludes that the weight of the evidence preponderates in favor of a finding of entitlement to a 60 percent rating, and no higher, for postoperative hemilaminectomy and laminectomy, low back, for the period from March 28, 2012 to January 20, 2017.

For the period starting January 21, 2017, the evidence does not demonstrate that the Veteran's low back condition is characterized by forward flexion of the thoracolumbar spine to 30 degrees or less; favorable ankylosis of the entire thoracolumbar spine; or IVDS with a total duration of incapacitating episodes of at least 4 weeks but less than 6 weeks during the past 12 months.

The Veteran underwent a VA examination in January 2017 for his back disability. Range of motion testing results were as follows: flexion to 80 degrees, extension to 20 degrees, right lateral flexion to 20 degrees, left lateral flexion to 20 degrees, right lateral rotation to 20 degrees and left lateral rotation to 20 degrees. There was pain noted on examination but the examiner observed that the pain did not result in or cause functional loss. All range of motions exhibited pain and there was evidence of mild localized tenderness or pain on palpation of the lower and mid back. The examiner did not observe any guarding, muscle spasm, atrophy or ankylosis. The Veteran reported that he had not had any incapacitating episodes in the previous 12 months.

The Veteran underwent another VA examination in March 2017 for his back disability. Range of motion testing results were as follows: flexion to 75 degrees, extension to 20 degrees, right lateral flexion to 20 degrees, left lateral flexion to 20 degrees, right lateral rotation to 20 degrees and left lateral rotation to 20 degrees. There was no pain noted on examination and no objective evidence of localized tenderness or pain on palpation of the joint or associated soft tissue of the thoracolumbar spine. The examiner did not observe any guarding, muscle spasm, atrophy or ankylosis. The examiner indicated that the Veteran did not have IVDS but noted regular use of a cane.

The Board finds that there is insufficient evidence to demonstrate a low back disability that warrants a rating in excess of 20 percent. In order to receive a higher evaluation, there must be forward flexion of the thoracolumbar spine to 30 degrees or less; favorable ankylosis of the entire thoracolumbar spine; or, IVDS with a total duration of incapacitating episodes of at least 4 weeks but less than 6 weeks during the past 12 months. The January 2017 VA examiner observed forward flexion to 80 degrees and the March 2017 VA examiner observed forward flexion to 75 degrees. Neither examiner indicated that there was ankylosis or any incapacitating episodes in the previous 12 months. The Board finds that the evidence does not demonstrate that a higher rating is warranted for this stage. As there is no reasonable doubt to be resolved, the Board concludes that the weight of the evidence preponderates against a finding of entitlement to a rating in excess of 20 percent for postoperative hemilaminectomy and laminectomy, low back, for the period starting January 21, 2017.

Lower extremity neuropathy

The Veteran's right and left lower extremity neuropathy have been rated under the provisions of 38 C.F.R. § 4.124a, Diagnostic Code (DC) 8520, which provides the criteria for an evaluation of paralysis of the sciatic nerve. Under DC 8520, a 10 percent rating is warranted for incomplete, mild paralysis of the sciatic nerve; a 20 percent rating is warranted for incomplete, moderate paralysis; a 40 percent rating is warranted for incomplete, moderately severe paralysis; a 60 percent rating is warranted for incomplete, severe paralysis with marked muscular atrophy; and, an 80 percent rating is warranted for complete paralysis, demonstrated by the foot dangling or dropping, no active movement possible of muscles below the knee, and flexion of the knee weakened or (very rarely) lost. The terms "mild," "moderate," "moderately severe," and "severe" are not defined in the Schedule and the Board must evaluate all of the evidence to arrive at an equitable and just decision. 38 C.F.R. § 4.6. 

The Veteran contends that he is entitled to an increased rating for his right and left lower extremity neuropathy for both stages on appeal because the current assigned ratings do not adequately represent the severity of his conditions. Accordingly, the Board will discuss the propriety of the ratings assigned at each stage. See Fenderson v. West, 12 Vet. App 119 (1999)

For the period prior to March 28, 2012, there is no evidence that indicates that the Veteran's right lower extremity neuropathy was manifested by incomplete, moderately severe paralysis. However, the evidence indicates that the Veteran's left lower extremity neuropathy was manifested by incomplete, moderate paralysis. The Veteran underwent a VA examination in December 2008. The examiner noted sensory deficits in the Veteran's left lower extremity that corresponded to dysfunction of the L3 and L4 nerve roots. The Veteran's right knee, right ankle, and left ankle demonstrated an absence of deep tendon reflexes. The Veteran's lower extremity motor functions were noted as normal.

The Board finds that both the right and left lower extremity neuropathy disabilities most closely approximate the picture contemplated by the 20 percent rating. The objective medical evidence does not indicate that the Veteran experienced any motor loss or diminished motor strength in either extremity. The examiner also did not indicate that the Veteran experienced any pain, paresthesias or weakness as a result of his neuropathy in either lower extremity. The Board finds that the evidence does not demonstrate that a rating in excess of 20 is warranted for this stage for either lower extremity. Accordingly, the Board concludes that the weight of the evidence preponderates against a finding of entitlement to a rating in excess of 20 percent for right lower extremity neuropathy for the period prior to March 28, 2012. The evidence preponderates in favor of a finding of entitlement to a rating of 20 percent, and no higher, for left lower extremity neuropathy for the period prior to March 28, 2012..

For the period beginning March 28, 2012, the Board finds that the evidence does not demonstrate incomplete, severe paralysis with marked muscular atrophy in either lower extremity. 

In March 2012, the Veteran underwent a VA examination. On muscle strength testing, the Veteran's bilateral hip flexion, knee extension, ankle plantar flexion, ankle dorsiflexion and great toe extension were all rated as active movement against some resistance. The Veteran's deep tendon reflexes were rated as hypoactive in the bilateral knees and ankles. The Veteran had decreased sensation to light touch in the bilateral upper anterior thighs, thighs/knees, lower legs/ankles and foot/toes. The Veteran's straight leg raising test results were positive on each side. The examiner also noted mild constant pain and mild numbness in each of the lower extremities.

The Veteran underwent a second VA examination in January 2017. On muscle strength testing, the Veteran's bilateral hip flexion, knee extension, ankle plantar flexion, ankle dorsiflexion and great toe extension were all rated as normal. The Veteran's deep tendon reflexes were noted as normal in the bilateral knees and ankles. There was decreased sensation to light touch in the bilateral thighs/knees, lower legs/ankles and foot/toes. There was mild constant pain, moderate intermittent pain, mild paresthesias and/or dysesthesias and mild numbness in each of the lower extremities.

During the March 2017 VA examination, the examiner indicated moderate intermittent pain, moderate paresthesias or dysesthesias, and moderate numbness of the bilateral lower extremities. All muscle testing and reflex examinations were normal for both lower extremities. The sensory examination revealed decreased sensation in the foot and toes bilaterally. There was no atrophy and no trophic changes noted but the examiner observed an abnormal gait. 

The Board finds that the weight of the evidence preponderates against a finding of entitlement to a rating in excess of 40 percent for right and left lower extremity neuropathy, effective March 28, 2012. In order to receive a higher evaluation, there must be incomplete, severe paralysis with marked muscular atrophy. The evidence shows that the Veteran's right and left lower extremity neuropathy are characterized, at worst, by moderate pain, paresthesias/dysesthesias and numbness. The Board finds that the evidence does not demonstrate that a rating in excess of 40 percent is warranted for either lower extremity, given that no muscle atrophy has been shown. As there is no reasonable doubt to be resolved, the Board concludes that the weight of the evidence preponderates against a finding of entitlement to a rating in excess of 40 percent for both the right and left lower extremity neuropathy for the period starting March 28, 2012.

Left Shoulder Arthritis

The Veteran's left shoulder arthritis has been rated under the provisions of 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5201 for the minor or non-dominant side as the Veteran is right-handed. Under DC 5201, a 20 percent rating is warranted for limitation of motion of the arm to the shoulder level; a 20 percent rating is also warranted for limitation of motion to midway between side and shoulder level; and, a 30 percent rating is warranted for limitation of motion to 25 degrees from side.

The Veteran contends that he is entitled to an increased rating for his left shoulder because the current assigned rating does not adequately represent the severity of his condition.

During the December 2008 VA examination, the Veteran characterized his left shoulder pain as being aching/sharp with a severity of 10. Range of motion testing results were as follows: flexion to 180 degrees with pain at 170 degrees; abduction to 180 degrees with pain at 180 degrees; external rotation to 90 degrees with pain at 90 degrees; and, internal rotation to 90 degrees with pain at 90 degrees. The range of motion was not additionally limited by fatigue, weakness, lack of endurance or incoordination after repetitive use.

The Veteran underwent a second VA examination in February 2011. On range of motion testing, the Veteran's left shoulder flexion was to 180 degrees with pain at 180 degrees; abduction was to 180 degrees with pain at 180 degrees; external rotation was to 90 degrees; and, internal rotation was to 90 degrees. The left joint function was not additionally limited by pain, fatigue, weakness, lack of endurance or incoordination after repetitive use. Functional limitations included painful reaching and grabbing.

In January 2017, the Veteran underwent another VA examination for his left shoulder arthritis. Range of motion testing results for the left shoulder were as follows: flexion to 180 degrees, abduction to 180 degrees, external rotation to 90 degrees and internal rotation to 90 degrees. The examiner observed pain on flexion and abduction as well as localized tenderness and mild pain along the superior aspect of the joint. Muscle strength testing was normal and there was no ankylosis or atrophy noted.

The Board finds that the weight of the evidence preponderates against a finding of entitlement to a rating in excess of 20 percent for left shoulder arthritis. In order to receive a higher evaluation, the Veteran's motion must be limited to 25 degrees from his side. The objective evidence shows that the Veteran's left arm motion is not limited to 25 degrees on any motion. The Board finds that the evidence does not demonstrate that a rating in excess of 20 percent is warranted for left shoulder arthritis as the Veteran's left shoulder motion is not limited to 25 degrees from his side. As there is no reasonable doubt to be resolved, the Board concludes that the weight of the evidence preponderates against a finding of entitlement to a rating in excess of 20 percent for left shoulder arthritis.

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 369 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).


ORDER

A rating in excess of 20 percent for postoperative hemilaminectomy and laminectomy, low back, for the period prior to March 28, 2012 is denied.

An increased rating of 60 percent, and no higher, for postoperative hemilaminectomy and laminectomy, low back, for the period from March 28, 2012 to January 20, 2017 is granted.

A rating in excess of 20 percent for postoperative hemilaminectomy and laminectomy, low back, for the period starting January 21, 2017 is denied.

A rating in excess of 20 percent for right lower extremity neuropathy for the period prior to March 28, 2012 is denied.

A rating in excess of 40 percent for right lower extremity neuropathy for the period effective March 28, 2012 is denied.

An increased rating of 20 percent, and no higher, for left lower extremity neuropathy for the period prior to March 28, 2012 is granted.

A rating in excess of 40 percent for left lower extremity neuropathy for the period effective March 28, 2012 is denied.

A rating in excess of 20 percent for left shoulder arthritis is denied.




____________________________________________
A. S. CARACCIOLO 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs