Citation Nr: 1806350 
Decision Date: 01/30/18 Archive Date: 02/07/18

DOCKET NO. 14-21 301 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUES

1. Entitlement to an initial disability rating in excess of 10 percent for traumatic brain injury (TBI).

2. Entitlement to an initial disability rating in excess of 30 percent prior to April 14, 2014, and to a compensable rating thereafter for migraine headaches.


REPRESENTATION

Appellant represented by: Wisconsin Department of Veterans Affairs


WITNESSES AT HEARING ON APPEAL

The Veteran and T.R.



ATTORNEY FOR THE BOARD

S. Owen, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 2007 to November 2011. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina, which, in pertinent part, granted service connection for TBI, evaluated as 10 percent disabling, and for migraine headaches, evaluated as noncompensable. The Veteran filed a timely notice of disagreement in November 2012. Jurisdiction has been transferred to the RO in Milwaukee, Wisconsin.

In May 2014, and during the pendency of the appeal, the RO granted an increased initial rating for migraine headaches from noncompensable to 30 percent, effective November 7, 2011, but continued a noncompensable rating from April 14, 2014. However, as this grant does not represent a maximum grant of benefits sought on appeal, the claim for an increased disability rating for migraine headaches remains before the Board. See A.B. v. Brown, 6 Vet. App. 35, 38 (1993).

In April 2017, the Veteran testified at a videoconference hearing before the undersigned Veteran's Law Judge. A transcript of the hearing is associated with the claims file. 

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran contends that his service-connected traumatic brain injury (TBI) and migraine headaches are of greater severity than the current disability ratings contemplate. Specifically, he contends that his current symptoms have worsened since his last VA examinations, and that he is more forgetful and his migraines are more severe.

The Veteran was last afforded VA examinations for his TBI and migraines in April 2014. In light of the nearly four years that have elapsed since the last VA examinations and the Veteran's testimony that his disabilities have worsened in severity, the Board concludes that new VA examinations are necessary to determine the current severity of the Veteran's TBI and migraine headaches. 

The most recent VA treatment records associated with the Veteran's claims file are dated in September 2015. Therefore, any outstanding VA treatment records dated since September 2015, and any private treatment records identified by the Veteran, should be obtained and associated with the electronic claims file.

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the Veteran's electronic claims file any VA treatment records dated since September 2015 and any private treatment records identified by the Veteran.

2. Then, schedule the Veteran for VA examinations to determine the current severity of his service-connected traumatic brain injury and migraine headaches. The record and a copy of this remand must be made available to the examiner for review, and the examiner must specifically acknowledge receipt and review of these materials in any reports generated. The examiner must conduct any testing deemed necessary and provide all findings. The examiner must utilize the appropriate Disability Benefits Questionnaire.

The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions, based on his or her clinical experience, medical expertise, and established medical principles.

3. After completing the above, and any other development as may be indicated, the Veteran's claims should be readjudicated based on the entirety of the evidence. If the claims remain denied, the Veteran and his representative should be issued a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response. Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).