﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190429-7574
DATE: September 26, 2019

ORDER

Entitlement to an initial disability rating of 60 percent, but no higher, for rectal adenocarcinoma with hemorrhoids with anal fissure is granted.

FINDING OF FACT

The Veteran’s rectal adenocarcinoma with hemorrhoids with anal fissure manifests as extensive leakage and fairly frequent involuntary bowel movements; the condition is not manifest by complete loss of sphincter control.

CONCLUSION OF LAW

The criteria for entitlement to an initial disability rating of 60 percent, but no higher, for rectal adenocarcinoma with hemorrhoids with anal fissure have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.303, 4.1, 4.7, 4.114, Diagnostic Code 7332.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from August 1984 to August 2008. He chose the Higher-Level Review lane when he submitted his RAMP election form in April 2018. Accordingly, the June 2018 RAMP rating decision considered evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The June 2018 rating decision granted an initial disability rating of 30 percent for rectal adenocarcinoma with hemorrhoids with anal fissure. 

When, as here, a Veteran seeks an increased evaluation, it will generally be presumed that the maximum benefit allowed by law and regulation is sought, and it follows that such a claim remains in controversy where less than the maximum benefit available is awarded. See AB v. Brown, 6 Vet. App. 35, 38 (1993).

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. 

Where, as here, the question for consideration is the propriety of the initial evaluation assigned, consideration of the medical evidence since the effective date of the award of service connection and consideration of the appropriateness of a “staged” rating are required. See Fenderson v. West, 12 Vet. App. 199, 125-26 (1999). The Board will consider whether separate ratings may be assigned for separate periods of time based on facts found, a practice known as “staged ratings,” whether it is an initial rating case or not. See Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007).

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

The Veteran’s rectal adenocarcinoma with hemorrhoids with anal fissure is rated under 38 C.F.R. § 4.114, Diagnostic Code 7332.

Under 38 C.F.R. § 4.114, Diagnostic Code 7332, a 30 percent rating is warranted for impairment of sphincter control with occasional involuntary bowel movements, necessitating wearing of a pad; a 60 percent rating is warranted for extensive leakage and fairly frequent involuntary bowel movements; and, a 100 percent rating is warranted for complete loss of sphincter control. 

The Veteran contends that he has a complete lack of bowel control as a result of surgery to remove a rectal adenocarcinoma. See November 2017 VA Form 21-4138. He reports that his bowels move on their own depending on his daily diet, but that he can usually make it through the day without an accident. The Veteran reported that the condition has required him to miss work on occasion.

The Veteran was afforded a VA examination in November 2017 to assess the severity of his rectal condition. The Veteran reported that he had no sphincter muscles. However, the examiner found there was not complete loss of sphincter control as evidenced by the Veteran’s ability to squeeze his rectum on command during the exam. The examiner noted that the Veteran suffered from occasional moderate leakage and occasional involuntary bowel movements which necessitate wearing a pad. 

The Veteran underwent a private medical examination by Dr. M.B. in January 2018. Objective testing (Wexner scale) resulted in scores related with incontinence. However, with respect to sphincter control, Dr. M.B. noted that the Veteran had “decent squeeze pressure.” 

The Veteran also submitted an opinion from a nurse practitioner, G.U., asserting that the Veteran’s scores on the Wexner scale render the Veteran eligible for a 100 percent disability rating due to complete loss of sphincter control. However, the evidence indicates that the test relies on factors other than sphincter control, such as the use of pads and impact on lifestyle. Hence, complete incontinence as defined by the Wexner scale is not necessarily commensurate with an actual complete loss of sphincter control. 

Considering all relevant evidence, the Board finds that an initial disability rating of 60 percent, but no higher, for the Veteran’s service-connected rectal adenocarcinoma with hemorrhoids with anal fissure is warranted. The Veteran is competent to report what he actually observed, such as constant difficulty controlling his bowel movements and sphincter muscles. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). He credibly reports that he is only able to manage his symptoms to a certain extent with strict dietary restrictions.

The Board finds that a higher 100 percent rating is not warranted. The November 2017 VA examiner found that the Veteran did not have complete loss of sphincter control. The opinion was based upon a review of the case file as well as an in-person examination of the Veteran. The opinion was supported by adequate rationale. Thus, the Board finds the VA examiner’s opinion highly probative and it is given significant weight. Dr. M.B.’s note that the Veteran’s sphincter had “good squeeze control” is further important evidence showing that the Veteran’s loss of sphincter control is not “complete.” 

The opinion provided by G.U. was not based upon an in-person examination of the Veteran, but on the results of a test of record that is weighted partly on factors unrelated to actual impairment of sphincter control. The impact of incontinence on the Veteran’s lifestyle is not a significant factor when determining complete loss of physical control of the sphincter muscles. Additionally, the use of pads is already contemplated under the 30 percent rating criteria. Hence, the opinion of G.U. is given less weight. 

(Continued on the next page)

 

Resolving all doubt in favor of the Veteran, the Board finds the evidence of record supports an increased initial disability rating of 60 percent, but no higher, for the Veteran’s service-connected rectal adenocarcinoma with hemorrhoids with anal fissure and the claim is granted to that extent. See Gilbert v. Derwiski, 1 Vet. App. 49, 53 (1990).

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D.J. Ballinger, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.